WILLIAM STRAIN ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 4—decided June 20, 1950

*Frederick L. Comley,* for the appellants (defendants Ohrstrom et al.).

*Orson L. St. John,* with whom was *Halford W. Park, Jr.,* for the appellant (defendant board).

*Joseph L. Melvin,* for the appellees (plaintiffs).

BALDWIN, J.   The plaintiffs are the owners of land at the corner of Round Hill and Old Mill Roads in Greenwich, where they have been conducting for some time past a gasoline filling station, automobile repair business and general store.  Their property is located in what is described under the building zone regulations of the town of Greenwich as a local business (B-L) zone.  They made an application in writing to the zoning board of appeals requesting authorization to erect an addition to the existing buildings to be used in connection with repairing automobiles.  The pertinent section of the regulations, article II, § 5, subsection A, item 4, reads as follows:. "Permitted uses. . . . Automobile sales rooms, gasoline filling stations and garages for the storage or repair of more than five (5) motor vehicles and parking lots, when authorized by the Board of Zoning Appeals and subject to the provisions of Article IV, Section 5 and to such limitations on outside storage and repair of motor vehicles as are prescribed by the Board of Appeals."   After a hearing the board denied the application upon the ground that

the granting of it would aggravate an unsightly and noisy condition and that the denial of it would be in accord with the public interest and the appropriate development of the neighborhood and in harmony with the purpose and intent of the zoning regulations. The plaintiffs appealed to the Court of Common Pleas. The court sustained the appeal and held that the provisions of the zoning ordinance under which the board of appeals purported to act were unconstitutional and void because they did not contain any rule or standard to guide or restrain the discretion of the board, nor any comprehensive plan for uniformity, and, therefore, were illegal and improper delegations of legislative power. The sole question presented on the defendants' appeal to this court is the correctness of the trial court's ruling on that issue.

A transcript of the testimony taken at the hearing before the zoning board of appeals was in evidence at the trial in the Court of Common Pleas and is before us as an exhibit. This transcript shows that at the hearing before the board the plaintiffs claimed that the zoning regulation was not effective because it was an improper delegation of unlimited discretion to the board, that the sole question before the board was the traffic problem involved, which had been decided favorably to the plaintiffs in an earlier proceeding some years before when they had obtained permission to operate a gasoline pump and an automobile repair business, and that, therefore, their application should be granted.

The plaintiffs cannot seek the approval of the zoning board of appeals under a provision of the zoning regulations and at the same time attack the constitutionality of its power to act thereunder. "The appellant having recognized and utilized the regulations by proceeding under them, it is not open to him to attack them, in

this action, as unconstitutional and invalid." *Chudnov* v. *Board of Appeals,* 113 Conn. 49, 57, 154 A. 161; *Lathrop* v. *Norwich,* 111 Conn. 616, 626, 151 A. 183; *Rindge* v. *Holbrook,* 111 Conn. 72, 77, 149 A. 231; *Holley* v. *Sunderland,* 110 Conn. 80, 85, 147 A. 300. The plaintiffs rely upon *Keating* v. *Patterson,* 132 Conn. 210, 43 A. 2d 659. That was an appeal from the action of the liquor control commission in denying an application for the removal of a package store permit from one location to another, the denial being based on the sole ground that the plaintiff's application did not contain a certificate from the town clerk, as required by the regulations of the commission. The plaintiff had sought the approval of the zoning board of appeals, upon which the certificate of the town clerk would have been issued, and the board had refused its approval. The plaintiff's appeal, however, was from the action of the liquor control commission, and his claim was that the action of the zoning board of appeals was illegal because it was based upon a provision of the zoning regulations which was unconstitutional. The court decided that the provision was unconstitutional and that therefore the liquor control commission could not be prevented from granting the permit by reason of the action of the zoning board of appeals. The case is clearly distinguishable. There the claim of unconstitutionality was directed, not at a law under which a permit was sought by the applicant, but rather against an ordinance the existence of which, if valid, would prevent his getting a permit. *Connecticut Baptist Convention* v. *McCarthy,* 128 Conn. 701, 25 A. 2d 656, is distinguishable on the same ground. In *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 53 A. 2d 655, the statute was held constitutional and the right of the appellant to attack it was not discussed. *State* v. *Stoddard,* 126 Conn. 623, 13 A. 2d 586, and *State* v. *Van*

40

*Keegan,* 132 Conn. 33, 42 A. 2d 352, upon which the plaintiffs also rely, were criminal prosecutions, and the question of the constitutionality of the regulations concerned was raised as a matter of defense. *National Transportation Co. v. Toquet,* 123 Conn. 468, 196 A. 344, also cited by the plaintiffs, was an action claiming a declaratory judgment. In this latter case, we pointed out (p. 478) that we have never held that resort to an appeal authorized by a law or ordinance in itself precludes an attack upon the validity of that law or ordinance in a subsequent independent proceeding. See *Newington v. Mazzoccoli,* 133 Conn. 146, 48 A. 2d 729. The plaintiffs still have an opportunity to raise the question of the constitutionality of these zoning regulations in an appropriate proceeding. See *Buck v. Kuykendall,* 267 U. S. 307, 316, 45 S. Ct. 324, 69 L. Ed. 623.

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas for further proceedings in accordance with law.

In this opinion the other judges concurred.