THE J AND M REALTY COMPANY *v.* CITY OF NORWALK

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued December 6, 1967—decided February 27, 1968

*Charles M. Needle,* with whom, on the brief, was *David Goldstein,* for the appellant (plaintiff).

*Edward J. Zamm,* special counsel, with whom, on the brief, was *Thomas A. Flaherty,* corporation counsel, for the appellee (defendant).

RYAN, J. The plaintiff is the owner of a parcel of land, 5.74 acres in area, located in the city of Norwalk, adjacent to the Connecticut Turnpike. The New York, New Haven and Hartford Railroad Company owns a tract of land abutting that of the plaintiff, and the plaintiff has entered into a contract with the railroad to purchase a three-acre parcel of this land. Because of the nature of the proposed purchase, it constituted a subdivision for which approval was required by the Norwalk planning commission in the first instance and then by the Norwalk common council.[1] The plaintiff's application

---

[1] "[Norwalk Subdivision Regs., art. 1 § 1 (1966).] SUBDIVISION— Means the dividing of a lot, tract or parcel of land into two (2) or more plots, plats, sites or other divisions of land for the purpose, whether immediate or future, of sale or building development. It includes resubdivision, but does not include a testamentary division of property, a partnership division of property upon dissolution, or a division of property among members of a family."

for a subdivision was approved by the planning commission on March 2, 1966, and was transmitted to the Norwalk common council with the approval of the planning commission endorsed on the record map. On May 24, 1966, the application for a subdivision was disapproved by the common council, and the plaintiff was so notified on May 25, 1966. The council did not notify the plaintiff at any time of its reasons for the disapproval.

The plaintiff appealed to the Court of Common Pleas, alleging that the action of the common council was arbitrary, unreasonable and an abuse of power conferred in that no account was taken by the council of the action of the planning commission in approving the subdivision and no examination was made of the merits of the subdivision and in that the action of the council was invalid because No. 214 of the 1947 Special Acts (25 Spec. Acts 302), as amended by No. 616 of the 1955 Special Acts (27 Spec. Acts 556), and the subdivision regulations adopted pursuant thereto are unconstitutional because they establish no specific standards by which the council should approve or disapprove subdivision applications, because they contain no provisions requiring the council to inform applicants of the reasons for its approval, and because they are vague.

The trial court in its memorandum of decision held that in matters of this kind, the common council acts in a legislative capacity, that as a legislative body it can act for reasons best known to itself, and that there is no requirement that a legislative body shall state the reasons for its action. It concluded that the council made a complete investigation into the problems relevant to the plan and that the council had the right to act on facts which were known

to it, even though those facts were not produced at the hearings. From the judgment dismissing its appeal, the plaintiff has appealed to this court.

Planning in the city of Norwalk is governed by special act and not by the General Statutes. Under No. 214 of the 1947 Special Acts, as amended by No. 616 of the 1955 Special Acts, a city planning commission was established in Norwalk. Its function was to make and adopt a master plan for the physical development of the city. The commission was authorized to include as part of this plan rules and regulations to control the subdivision of land. 25 Spec. Acts 303, No. 214 § 5. After the adoption of the master plan by the commission and by a majority vote of the council and after it was signed by the mayor in the manner approved in the charter for the adoption of ordinances, it attained the status of the official city plan. Subdivision plans were to be submitted first to the planning commission for its approval and then to the common council, whose approval was necessary before the plan could become effective.

Under the procedure outlined in the special acts, and in the subdivision regulations subsequently adopted, each application for a subdivision must be submitted to the commission, processed according to the subdivision regulations, and receive approval from the council. Norwalk Subdivision Regs., art. 2 § 4 (1966). If the commission approves, the record map is transmitted to the council with a recommendation for approval. The council may then adopt or disapprove the application by a simple majority vote. In case of disapproval by the commission, approval by the council requires a recorded vote of not less than two-thirds of its entire mem-

bership.    Norwalk Subdivision Regs., art. 4 § 77 (1966).

The plaintiff claims that, in passing on an application for subdivision approval, the council acts in an administrative rather than a legislative capacity. The common council is the legislative body of the city of Norwalk.   16 Spec. Acts 1061, No. 352 § 80. A legislative body does not, however, always act in a legislative capacity in carrying out its various duties.  *Powers* v. *Common Council,* 154 Conn. 156, 160, 222 A.2d 337; *Bartlett* v. *Rockville,* 150 Conn. 428, 429, 190 A.2d 690.   Although applications for subdivision approval must first be presented to the planning commission, the power of final approval lies only with the common council.   The primary function of the planning commission is to examine and screen all subdivision applications and report its recommendations to the common council.   In the event the commission fails to act within sixty days, the application shall be deemed approved by the commission, but the matter in question still requires the action of the council.   25 Spec. Acts 304, No. 214 § 8.    Furthermore, the special act and the subdivision regulations permit the council to approve a subdivision plan which the planning commission has disapproved.   25 Spec. Acts 304, No. 214 § 7; Norwalk Subdivision Regs., art. 4 § 79 (1966).   It is quite apparent that the authority of the planning commission is secondary to that of the common council, which has the ultimate power of approval or disapproval of all subdivision applications.   It is true, of course, that in adopting the subdivision regulations recommended by the planning commission, the function of the council is unquestionably legislative.  *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 84, 103 A.2d 814.   On the other

hand, we have consistently held that, in exercising its function of approving or disapproving any particular subdivision plan, as distinguished from its function of adopting regulations, a municipal planning commission is acting in an administrative rather than in a legislative capacity. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674, 236 A.2d 917; *Blakeman* v. *Planning Commission,* 152 Conn. 303, 306, 206 A.2d 425; *McCormick* v. *Planning & Zoning Commission,* 146 Conn. 380, 382, 151 A.2d 347; *Langbein* v. *Planning Board,* 145 Conn. 674, 679, 146 A.2d 412; *Beach* v. *Planning & Zoning Commission,* supra. This differentiation is in no way related to the nomenclature of the board authorized to approve or reject subdivision plans but is predicated on the nature of the function involved, viz., the application of existing regulations to a proposed subdivision plan. In the instant case, the common council was performing the function of a planning commission, and, in so doing, it was acting administratively. The trial court relied on the case of *Burke* v. *Board of Representatives,* 148 Conn. 33, 166 A.2d 849, wherein we held that the legislative body of Stamford proceeded in its legislative capacity when it acted to approve or reject an amendment to the zoning map adopted by the zoning commission. That decision rests on our holding in numerous cases that the function of creating zones and adopting zoning regulations is essentially legislative, and it does not support the position of the trial court in the instant case. *Burke* v. *Board of Representatives,* supra, 38. The trial court was in error in holding that the council was acting legislatively rather than administratively.

The plaintiff claims that the special act creating planning in the city of Norwalk and the regulations

adopted pursuant to the special act contain no standards to guide the council when it acts on a subdivision application and are therefore unconstitutional. Having sought to avail itself of the provisions of the special act and the subdivision regulations by making application thereunder, the plaintiff is precluded in the same proceeding from raising the question of their constitutionality.[2] *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 717, 184 A.2d 42; *Florentine* v. *Darien,* 142 Conn. 415, 428, 115 A.2d 328; *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A.2d 462.

The plaintiff assigns error in the failure of the common council to state the reasons for its disapproval of the application. The defendant claims that no reasons need be given for the council's action. Under §§ 5, 6 and 7 of No. 214 of the 1947 Special Acts (25 Spec. Acts 303, 304), the adoption of the master plan, or one or more sections of it, which included the subdivision regulations, was a condition precedent to the exercise by the council of any control over the subdivision of land. The necessary implication of the special act is therefore that, in passing on subdivision plans, the council is to be controlled by the regulations which it has adopted. *North Rollingwood Property Owners Assn.* v. *City Plan Commission,* 152 Conn. 518, 521, 209 A.2d 177; *Beach* v. *Planning & Zoning Commission,* supra, 83. Article 4, § 81, of the subdivision regulations, provides in part: "Subdivisions approved by the Commission and disapproved by the Council may be

---

[2] In the instant case, the attack is on the constitutionality of the special act and the subdivision regulations as a whole. It is, of course, distinguishable from an attack on the constitutionality of the regulations because of their effect on the plaintiff's particular property as in *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 205 A.2d 774.

resubmitted after thirty (30) days. . . . Such resubmissions shall be based on a substantial change of the conditions which led initially to the disapproval." It is a cardinal rule of statutory construction that a legislative body does not intend to adopt useless legislation. *Bergner* v. *State,* 144 Conn. 282, 287, 130 A.2d 293. It must also be presumed that the common council had a purpose for every sentence, clause or phrase in its regulations. *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525; *McAdams* v. *Barbieri,* 143 Conn. 405, 419, 123 A.2d 182. A regulation ought to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 211, 91 A.2d 773. Where the language is plain and unambiguous, as in the present case, the intent of the regulation is to be determined from its language. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70; see *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 424, 209 A.2d 674. Although there is no specific provision which states that the council shall set forth the reasons for its disapproval, the requirement that a resubmission "shall be based on a substantial change of the conditions which led initially to the disapproval," assumes and presupposes that the applicant must have knowledge of the reasons for the disapproval. Any other construction would nullify the entire section relating to resubmissions. We conclude therefore that the common council is required by its regulation to set forth the reasons for its disapproval of a subdivision application and that in failing to do so it completely ignored the requirements of the regulation. *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422, 428, 232 A.2d 330.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.