SAMUEL BIERMAN *v.* WESTPORT PLANNING AND
ZONING COMMISSION

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, JS.

Argued April 1—decision released August 4, 1981

*Keith D. Dunnigan,* for the appellant (defendant).

*Bruce E. Hawley,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. The plaintiff, Samuel Bierman, applied to the defendant, the Westport planning and zoning commission, for site plan approval to convert an abandoned gas station into an office building. The commission denied his application listing eight reasons for its denial. Thereafter, the plaintiff, pursuant to General Statutes § 8-8, appealed the commission's decision to the Superior Court. The court sustained his appeal and, without any remand to the commission,

ordered affirmative relief for the plaintiff.[1] We granted the commission's petition for certification.

On appeal the commission claims that the trial court erred: (1) in permitting an attack on the Westport zoning regulations per se in the course of an appeal from the commission's denial of the plaintiff's site plan application; (2) in finding unconstitutionally vague the Westport zoning regulations affecting site plan review; (3) in holding that the Westport site plan regulations constituted an impermissible delegation of legislative authority; and (4) in failing to remand the case to the commission after the court had found the regulations on site plan objectives to be invalid.

Prior to considering whether the trial court erred as claimed, we first determine what the trial court actually decided. This is so because while the commission claims that the court found certain of the zoning regulations unconstitutional per se, i.e., on their face, the plaintiff claims that these regulations were found to be unconstitutional *as applied* to his property. The resolution of these conflicting claims necessitates an analysis of the memorandum of decision dated May 14, 1980 (the May memorandum). We may consult the memorandum of decision to determine the theory upon which the case was tried in the trial court; see *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 140, 139 A.2d 601 (1958); Maltbie, Conn. App. Proc. § 42; to understand better the basis of the court's decision; see *Zachs* v. *Public Utilities Commission,* 171 Conn.

---

[1] The order of the trial court was the following: "It is hereby ordered that the plaintiff may make any use of this property permitted by § 24-2.1 Westport Zoning Regulations, as long as the improvement complies with the other regulations governing the Business District, specifically § 24-3 Westport Zoning Regulations."

387, 390, 370 A.2d 984 (1976); *Morris* v. *Timenterial, Inc.,* 168 Conn. 41, 42n, 357 A.2d 507 (1975); and to determine the reasoning for the conclusion reached by the trial court. See *State* v. *Carbone,* 172 Conn. 242, 249, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977); *In re Application of Dodd,* 132 Conn. 237, 243, 43 A.2d 224 (1945). The May memorandum was entitled a "corrected memorandum of decision in substitution of memorandum dated April 25, 1980." The April memorandum explicitly stated that "[i]n this appeal the plaintiff attempts to challenge the validity of the Westport Zoning Regulations, §§ 43-2 and 24-2.1.2, enacted under Conn. Gen. Stat. § 8.2." It concluded that "the plaintiff may challenge in this appeal the validity of the Westport Zoning Regulations." This unlimited pronouncement authorized a frontal attack on the validity of the Westport zoning regulations.

In its May memorandum[2] the court said that this appeal "challenges the constitutionality of the Westport zoning regulations, under the due process clause and the delegation doctrine." Despite some references to limiting the constitutionality of the regulations as applied to the plaintiff's property, it is clear that the court determined that §§ 43-2 and 44-2 were unconstitutional per se.[3] Section 44-2, entitled "site plan objectives," governs the commission's approval or denial of site plans under § 43-2, as required by § 24-2.1.2. After having examined

---

[2] It was from the judgment rendered upon the May memorandum that we granted certification to this court.

[3] This is true even though the court also said, "[b]ecause this court has invalidated Westport Zoning Regulations § 43-2 and § 44-2 *as applied,* these provisions no longer operate on the plaintiff's property." (Emphasis added.)

the section, the court, in its due process analysis, found "these 'general objectives' to be unconstitutionally vague and inadequate to insure the uniform application of the zoning ordinances." Speaking of the operation of the regulations, the court also said that "§§ 44-2 et seq. fail to provide the owner with specific advance notice as to what improvements can be made on his land." In the due process context, the court continued and said, "[c]learly Sections 44-2.2 through 2.7, inclusive, are vague *on their face*. The *mere existence* of these regulations, however, creates a fatal ambiguity in the entire regulatory scheme for the Business District."[4]   (Emphasis added.)[5]

In discussing the delegation doctrine, the court pointed out that § 43-2 permitted the commission to authorize the site plan required by § 24.2.1 for any commercial use. After reiterating that the site plan objectives used for determining the approval of land use, i.e., § 43-2, "fail to establish constitutionally sufficient standards" under General Statutes § 8-2 and under the fourteenth amendment due process guarantees, the court then concluded that § 43-2 " 'constitutes an illegal delegation of legislative power to an administrative board in that it gives the latter uncontrolled power to grant or withhold . . . approval . . . according to its unregulated discretion.' "  We conclude that the court's statement that its decision was limited to the facts of this case and that it "had invalidated Westport Zoning

[4] The plaintiff's property which was the subject of his subsequently denied application was in a "Business District."

[5] After commenting that "[s]ection 44-2.8 of the Westport Zoning Regulations contemplates an orderly and harmonious growth of Westport's commercial areas," the court then stated that "[t]he face of the provision, however, furnishes no objective standard for the design of the proposed structure."

Regulations § 43-2 and § 44-2 as applied" is certainly not what it decided considering the sweeping overall invalidation by it of those regulations it passed upon.

The rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality. See *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 191, 239 A.2d 534 (1968);[6] *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 717, 184 A.2d 42 (1962); *Florentine* v. *Darien,* 142 Conn. 415, 428, 115 A.2d 328 (1955);[7] *Strain* v. *Board of Zoning*

[6] In *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 191 n.2, 239 A.2d 534 (1968), we took care to say: "In the instant case, the attack is on the constitutionality of the special act and the subdivision regulations as a whole. It is, of course, distinguishable from an attack on the constitutionality of the regulations because of their effect on the plaintiff's particular property as in *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 205 A.2d 774 [1964]." The plaintiff attempts to apply this exception to the present case. In the circumstances of the present appeal, however, even if we were to conclude that this attack was "as applied," the plaintiff would still be estopped from attacking the constitutionality of a statute of which he sought the benefit. See *Florentine* v. *Darien,* 142 Conn. 415, 428, 115 A.2d 328 (1955); *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A.2d 462 (1950).

[7] In *Florentine* v. *Darien,* 142 Conn. 415, 428, 115 A.2d 328 (1955), we stated that "a party cannot seek the relief provided in an ordinance or statute and later in the same proceeding raise the question of its constitutionality. *Holley* v. *Sunderland,* 110 Conn. 80, 85, 147 A. 300 [1929]; *Strain* v. *Board of Zoning Appeals,* 137 Conn. 36, 38, 74 A.2d 462 [1950]." We went on to observe that "a distinction should be drawn between the case where the entire ordinance, or the enabling act under which it was adopted, is questioned and the case, such as the one at bar, where a particular and specific action of the board in enacting an amendment to the regulations concerning business zones is challenged." *Florentine* v. *Darien,* supra, 429. In *Florentine,* the plaintiffs were not attacking the validity of the ordinance *"as a whole,* but only the regulations for Business A zones as applied to their land." (Emphasis added.) Id., 428.

*Appeals,* 137 Conn. 36, 38–39, 74 A.2d 462 (1950),[8] and cases cited therein; see also *Bruno* v. *Civil Service Commission,* 184 Conn. 246, 249, 440 A.2d 155 (1981); *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 567, 409 A.2d 1020 (1979). A party, however, could of course attack the constitutionality of the zoning regulations in an independent proceeding. See *Florentine* v. *Darien,* supra, 428–29; *Strain* v. *Zoning Board of Appeals,* supra, 40. Whatever may be the merits of such a rule in contexts other than zoning is not before us. See, e.g., *Bruno* v. *Civil Service Commission,* supra. The trial court was clearly erroneous in not following the settled case law setting out the rule. The rule works a salutary effect in a case such as this where zoning regulations are attacked per se and found to be unconstitutional per se, and not as applied. Cf. *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 205 A.2d 774 (1964); see also *Vartelas* v. *Water Resources Commission,* 146 Conn. 650, 153 A.2d 822 (1959). To permit the attack as here, and to invalidate the challenged regulations as here, could seriously affect the rights of other property owners in the community, as well as undercut local governmental zoning authority. Our rules of practice provide means by which the broad constitutional attack erroneously permitted in this case may be undertaken and determined with sufficient safeguards to permit notice to and intervention by all interested persons. See General Statutes § 52-29; Practice Book §§ 388 through 394.

---

[8] In *Strain* v. *Board of Zoning Appeals,* 137 Conn. 36, 38–39, 74 A.2d 462 (1950), we said: "The plaintiffs cannot seek the approval of the zoning board of appeals under a provision of the zoning regulations and at the same time attack the constitutionality of its power to act thereunder."

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter judgment for the defendant.[9]

In this opinion the other judges concurred.

---

[9] This remand does not preclude the plaintiff from bringing an independent action to test the constitutionality of the challenged regulations.