[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant board which denied the plaintiff's appeal from the order of the Zoning Enforcement Officer (ZEO). The plaintiff, which owns and operates a food processing and distribution facility at 16 International Drive in East Granby, was ordered by the ZEO on November 15, 1988 to comply with the noise control provisions of the Town's Zoning Regulation, Section 30.50.00. The plaintiff alleges that the board in denying the plaintiff's appeal acted illegally, arbitrarily and in abuse of its discretion in that: (1) the zoning regulation was adopted in violation of G.S. 8-3 and 8-3b; (2) the regulation is unconstitutionally vague violating principles of due process and fairness; and (3) the regulation was adopted in violation of Chapter 442 of the Connecticut General Statutes.
None of the grounds advanced to the court on this appeal dispute the sufficiency of the evidence placed before the Board as to its findings that there have been incidents of noise levels exceeding the standards of the regulation causing a failure of the plaintiff to comply with the regulation.
As to the first ground, the plaintiff requested and was granted a reservation of the right to present evidence if the defendant's motion in limine to deny any evidence outside the record was denied. CT Page 985
The plaintiff claims that the zoning regulation in question, 30.50.00, in invalid since its adoption did not comply with the requirements of G.S. 8-3 in that a proposed regulation must be filed in the office of the town clerk for public inspection at least ten days before the public hearing is held. Since the defendant Board lacked the authority to deal with this issue, the appeal to it on this ground is not only unnecessary, Cahill v. Board of Education, 187 Conn. 94 103-4, but where the party contests the very validity of the regulation, relief under it would be inadequate or futile. Norwich v. Norwalk, Willecot Vault Co., 208 Conn. 1, 6. The appropriate remedy is a declaratory judgment. England v. Coventry, 183 Conn. 362, 364. Therefore, the motion in limine is granted.
 II.
The plaintiff cannot seek an appeal to the defendant on the question that the zoning enforcement officer did not have sufficient evidence under the regulation to order the plaintiff to cease and desist and at the same time attack the constitutionality of his power to act thereunder. Strain v. Zoning Board of Appeals, 137 Conn. 36, 38.
 III.
The plaintiff argues that the regulation adopted by the Town Planning and Zoning Commission is not part of the approved legislative plan and in fact directly conflicts with the existing state regulations, which would make the Town regulation illegal and therefore invalid. As stated above, this attack on the regulations is a remedy appropriately only by declaratory judgment. England v. Coventry supra.
For the above reasons, the appeal is dismissed.
CORRIGAN, J.