[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an administrative appeal from the decision of the defendant Planning and Zoning Commission (Commission) modifying the plaintiff's application for a twenty-four lot subdivision by deleting lot 24 from its approval.
On September 25, 1987, the plaintiff filed a subdivision application with the Commission. The proposed subdivision consisted of twenty-four building lots, one of which (lot 24) was an interior lot. The proposed subdivision is located in an R-40 cluster zone.
At a meeting held on December 7, 1987, the Commission voted to approve the cluster subdivision of twenty-three lots CT Page 3134 on the condition that the twenty-fourth lot be eliminated. The Commission stated in its minutes that it "approved the modified subdivision plan as being consistent with the purposes of the Subdivision Regulations."
Plaintiff brought this appeal claiming that the Commission should have approved the application as submitted.
The plaintiff makes three claims of error in this appeal. First, the plaintiff claims that the subdivision application submitted conformed to the zoning regulations of the Town of Farmington, and therefore, the Commission erred in denying the approval of lot 24. Second, the plaintiff claims that the Commission's failure to state the grounds for eliminating lot 24 from the subdivision in its decision violates Conn. Gen. Stat. sec. 8-26, and invalidates the modification of the plaintiff's proposed plan. Third, plaintiff claims that the Farmington zoning regulations are invalid because they do not contain a clear, unambiguous and fixed standard.
The defendant Commission responds to plaintiff's three claims. First, the Commission evaluated plaintiff's application to develop lot 24 in light of the applicable zoning regulations and the evidence on the record, and found that it did not conform to the regulations. The Commission claims that it had no power to approve the proposed lot 24. Second, that although the Commission's letter to the plaintiff, of the decision of the Commission, does not state a reason for the action taken, this does not invalidate the decision. The Commission claims that the court is empowered to search the record to identify a reason for the decision. Third, that Article III, Section 4 of the Farmington Zoning Regulations contains specific criteria which must be met before the Commission may approve an interior lot.
Conn. Gen. Stat. sec. 8-8 (a) provides the right to appeal the decision of a planning and zoning commission to any person aggrieved by the decision of the commission. Aggrievement is a prerequisite to maintaining an appeal. Smith v. PZB,203 Conn. 317, 321 (1987). A person who owns land which is the subject of the commission's decision is statutorily aggrieved. Conn. Gen. Stat. sec. 8-8 (a) (rev'd. to 1987); see also Bossert Corp. v. Norwalk, 157 Conn. 279, 285 (1968). Plaintiff has alleged that it is the owner of a legal interest in the property which is the subject of the subdivision application acted upon by the Commission.
At the hearing on the appeal of the Commission's decision, Salvatore P. Mute, president of the plaintiff corporation and a 5% shareholder of the corporation presented evidence CT Page 3135 that the plaintiff corporation was the owner and subdivider of the 24 lot subdivision presented to the Commission for its approval.
Under these circumstances, the plaintiff has established that it is an aggrieved party.
In considering the scope and standard of review, a trial court is not at liberty to substitute its judgment for that of an administrative tribunal. Frito-Lay, Inc. v. PZC,206 Conn. 554, 572-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily, or in abuse of its discretion. Id. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. PZC, 189 Conn. 261, 265 (1983); Stankiewicz v. ZBA, 15 Conn. App. 729 (1988). Searching the record by the court applies whether no reasons were given by the agency or where inadequate reasons were given. Id., 732. The Commission's action is to be sustained if any one of the reasons stated is sufficient to support the decision. Frito-Lay, Inc., 206 Conn. at 576.
Conn. Gen. Stat. sec. 8-3 (g) (rev'd. to 1987) states in part "[a] decision to deny or modify a site plan shall set forth the reasons for such denial or modification." Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. DeMaria v. PZC,159 Conn. 534, 541 (1970); Central Bank for Savings v. PZC,13 Conn. App. 448 (1988). Where the planning and zoning commission has stated inadequate reasons, or failed to state any reasons for its decision, the court is required to search the record to determine the basis for the commission's decision. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604,607-08 (1990). The burden of proving the commission acted improperly is on the plaintiff. Adolphson v. ZBA, 205 Conn. 703,707 (1988).
The Commission acts in an administrative capacity when exercising its function of approving or disapproving a subdivision plan. Reed v. Planning Zoning Commission,208 Conn. 431, 433 (1988). In this capacity, the commission has no discretion to deny a subdivision if it conforms to the applicable regulations. Id. If the proposed subdivision does not conform, then the commission may deny the application. Id.
Conn. Gen. Stat. sec. 8-26 (rev'd. to 1987) provides in part that the commission is not authorized "to approve any such subdivision . . . which conflicts with applicable zoning regulations." This section also provides that "[t]he grounds for its action shall be stated in the records of the commission." CT Page 3136 Conn. Gen. Stat. sec. 8-26 (rev'd. to 1987).
Article III, section 4 of the Farmington Zoning Regulations provides:
Section 4. INTERIOR LOTS
 A. The provisions of this section are intended to permit the use of land for residential purposes which has been unintentionally landlocked or deprived of minimum frontage on a street, or, in the case of subdivision, where the topography or unusual shape of the property lends itself to the use of an interior lot to accomplish the best use of land. In the case of a subdivision, the Commission shall not approve interior lots unless it finds that such lots provide the best development of the land because of the topography and shape of the land. B. No building to be used in whole or in part as a dwelling shall be erected on any lot unless said lot abuts on a highway or street or unless there is provided for such lot an unobstructed right of access, at least 20 feet wide, to a public highway adequate to accommodate fire apparatus or other emergency equipment. The lot line from which the right of access leads shall be considered the front line of the interior lot. Such interior lot shall conform to all yard requirements prescribed for the zone in which it is located. C. If, however, an interior lot in the R80 Zone exceeds twice the area requirement of the zone, or in all other residential zones exceeds four times the area requirement of the zone, the right of access to said area shall be at least 50 feet wide. D. Only one interior lot may be served by a private driveway as of right. However, the Commission may approve the use of a private driveway to serve more than one lot by special permit. In making its decision the Commission CT Page 3137 shall consider the topography, soils, and vegetation of the site, as well as existing development and projected development in the immediate area. Where possible, curb cuts will be minimized through the use of shared driveways. E. Interior lots in all residential zones, except the R80 Zone, shall contain twice the lot area required for noninterior lots for the zone in which they are located.
The plaintiff argues that the subdivision application submitted conformed to the zoning regulations, and therefore the Commission erred in denying approval of lot 24. Plaintiff argues that the proposed use of lot 24 as an interior lot is the best use of the land because of the lot's grade (essentially level) and shape. Pursuant to subsection A of Article III, Section 4 of the zoning regulations, an interior lot is permitted "in the case of a subdivision where the topography or unusual shape of the property lends itself to the use of an interior lot to accomplish the best use of the land." Plaintiff argues that the transcript is devoid of any evidence which disputes or contravenes the topographical or contour/shape evidence presented by the plaintiff, and the Commission's decision to deny approval of lot 24 was based on a non-regulatory bias against interior lots. In support of this argument plaintiff points to statements made by some of the commissioners, such as a reference to lot 24 as the "infamous interior lot," and questions by commission members regarding drainage from the lot. Plaintiff also argues that the record shows that using lot 24 as an interior lot would be the best use of the land, but that the commission failed to consider evidence which supports this conclusion.
In its Reply Brief plaintiff argues that the commission's failure to state the grounds for eliminating lot 24 from the subdivision in its decision violates Conn. Gen. Stat. sec.8-26, and invalidates the modification of plaintiff's proposed plan. Because the commission did not state on the record its reasons for modifying plaintiff's plan, the plaintiff claims that the court may not uphold the decision based on a reason presented for the first time in defendant's brief, i.e. that the right of access to the lot is insufficient.
Finally, plaintiff attacks the zoning regulation governing interior lots, arguing that the regulation is invalid in the context of a planning commission acting in an administrative capacity because it does not contain a clear, unambiguous and fixed standard. Article III, Section 4(a) of the regulations CT Page 3138 states in part: "In the case of a subdivision, the Commission shall not approve interior lots unless it finds that such lots provide the best development of the land because of the topography and shape of the land." Plaintiff argues that the regulation grants more discretion to the commission than is permissible, and is, therefore invalid.
However, a party seeking to avail himself of a zoning regulation by making an application thereunder cannot attack the validity of that regulation in the same proceeding. Bierman v. Planning Zoning Commission, 185 Conn. 135, 139 (1981). Such attack may, however, be made in a separate proceeding. Helbig v. Zoning Commission, 185 Conn. 294, 300 (1981).
Article III, Section 4, of the zoning regulations contains specific criteria which must be met before the commission may approve an interior lot. Among these is the requirement that in all residential zones except the R-80 zone, the right of access to the interior lot must be at least fifty feet wide if the size of the lot exceeds four times the area requirement of the zone. Because lot 24 is over 66,000 square feet, which is more than four times the area requirement of an R-40 cluster zone (15,000 square feet), the lot must have a fifty foot side access road. The access proposed by the plaintiff being only twenty feet wide is insufficient to conform to the regulation. Under these circumstances, if the Commission were to approve the application with lot 24 included it would have been in violations of its own regulations.
Even though the Commission gave no reason to exclude lot 24, the Commission's decision was neither illegal nor arbitrary because the commission evaluated plaintiffs application to develop lot 24 in light of the applicable regulations and the evidence on the record, and finding that it did not conform. thereto. The commission had no power to approved the proposed lot 24.
Although the plaintiff claims that the commission failed to consider evidence of the topography or shape of the interior lot such consideration is irrelevant in light of the prohibition against the development of lot 24 set out in Article III, Section 4(c) of the regulations.
The Commission was faced with an application which it found to be acceptable except as to one lot. The Commission could have denied the whole application as being a submission for the approval of twenty-four lots or nothing. Fortunately for the plaintiff, the Commission considered the application as being divisable [divisible] thereby approving twenty-three of the twenty-four lot subdivision. CT Page 3139
The obvious basis for the Commission's rejection of lot 24 was the failure of lot 24 to be in compliance with the zoning regulations. For the above stated reasons, we cannot find that the Commission acted illegally, arbitrarily or in abuse of its discretion. The record adequately supports the decision of the Commission.
Accordingly, the decision of the Commission is affirmed.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT