[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the court should grant the defendant's motion to dismiss for lack of subject matter jurisdiction.
FACTS
On September 5, 1996, the plaintiff, Cumberland Farms, filed a one count amended complaint for inverse condemnation against the defendant, Town of Groton, alleging the following facts. It owns land with a building, other structures and improvements in Groton. The building is more than twenty years old and was used as a car repair garage and gasoline service station since before the area was zoned residential by the defendant. Three underground gasoline storage tanks are also located at the property. The car repair use of the building was abandoned in 1979. The remainder of the building continues to be used to sell gasoline and, to a limited extent, snacks and sundries.
To comply with environmental laws and regulations, the plaintiff's property requires substantial upgrading. To offset the cost of these improvements, the plaintiff applied to the town's zoning board of appeals (ZBA) for a variance to the zoning regulations so that the nonconforming use of the property could be expanded to include a convenience store, as well as the existing gasoline service station. The ZBA denied the plaintiff's application after a hearing.
In its amended complaint, the plaintiff claims inverse condemnation of the property, seeking damages and other compensation, pursuant to the fifth and fourteenth amendments to the United States constitution, as well as the constitution of Connecticut, article first, § 11.[1] The defendant moves to dismiss the amended complaint on the ground that the court lacks subject matter jurisdiction because the plaintiff appealed the ZBA's adverse decision regarding its variance application and that appeal is currently pending before the superior court.[2]
The defendant supports its motion with a memorandum of law.
On September 18, 1996, the plaintiff filed a memorandum of CT Page 6494 law in opposition to the defendant's motion.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ."Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grant v. Bassman, 221 Conn. 465, 470, 604 A.2d 814
(1992). "[S]ubject matter jurisdiction can be raised at any time." Sawmill Brook Racing Assn., Inc. v. Boston RealtyAdvisors, Inc., 39 Conn. App. 444, 448, 664 A.2d 819 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indians v. Southbury,231 Conn. 563, 570, 651 A.2d 1246 (1995); see also Gurliacci v.Mayer, supra, 218 Conn. 545.
In the present case, the defendant moves to dismiss the plaintiff's amended complaint on the ground that the court lacks subject matter jurisdiction because the issues raised by the amended complaint are, at this time, nonjustifiable. In its memorandum in support of its motion, the defendant argues that, because the plaintiff has an appeal of the ZBA's adverse decision pending before the superior court, the plaintiff's amended complaint is "premature." The defendant argues that, should the plaintiff's administrative appeal be sustained, the injury alleged by the plaintiff in this action for inverse condemnation will not be realized.
In opposition to the defendant's motion, the plaintiff argues that the pending appeal before the superior court does not deprive this court of subject matter jurisdiction for two reasons. First, the plaintiff argues that, because it received a "final decision" of the "initial decision maker," the plaintiff can maintain a separate takings action, regardless of the CT Page 6495 pendency of the appeal. See Port Clinton Associates v. Board ofSelectmen, 217 Conn. 588, 587 A.2d 126, cert. denied, 502 U.S. 814,112 S.Ct. 64, 116 L.Ed.2d 39 (1991).
The Port Clinton case involved a plaintiff who applied for permits to the appropriate state and federal agencies to expand its dock into the Hammonasset River. Id., 590. The federal agency denied the permit application because the plaintiff failed to obtain local approval. Id. The plaintiff then applied for approval of its plan to the town's board of selectmen, pursuant to a local ordinance. Id., 591. The board denied the plaintiff's application, and, rather than submit a revised application, the plaintiff filed an administrative appeal of the board's decision to the superior court, pursuant to General Statutes § 8.8. Id., 593. Eventually, the plaintiff's revised amended complaint continued the takings and 42 U.S.C. § 1983 claims against the defendants, but eliminated the administrative appeal. Id., 594.
The trial court in the Port Clinton case dismissed the plaintiff's action for lack of subject matter jurisdiction because, among other reasons, the claims predicated on a "taking" by an agency decision "would not be final until the statutory appeal process, which Port Clinton had originally commenced but later abandoned, was complete." Id., 595-96. On appeal, the Supreme Court upheld the trial court's dismissal of the case for lack of subject matter jurisdiction based on the "well established principle that there can be no regulatory taking and thus no deprivation of private property without just compensation, until there has been a final administrative decision." (Internal quotation marks omitted.) Id., 599.
In upholding the trial court's decision, however, the PortClinton court reasoned that, although the plaintiff received a decision of the final decision maker (the board of selectmen), the board's adverse decision could not be considered a "final" decision because "a property owner must do more than submit one plan to an agency in order to establish that the agency's decision is `final' for purposes of the takings clause." Id., 607, citing MacDonald, Sommer Frates v. Yolo County, 477 U.S. 340,359, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986) (owner filed one application to subdivide property into 159 lots); WilliamsonCounty Regional Planning Commission v. Hamilton Bank, 473 U.S. 172,192, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (developer submitted two plats for subdivision); San Diego Gas ElectricCo. v. San Diego, 450 U.S. 621, 101 S.Ct. 1287, 67 L.Ed.2d 551
CT Page 6496 (1981) (company abandoned original plan for nuclear power plant and never submitted for approval new plan for industrial park after city adopted `open space' plan); Penn CentralTransportation Co. v. New York City, 438 U.S. 104, 127,98 S.Ct. 2646, 57 L.Ed.2d 631, reh. denied, 439 U.S. 883, 99 S.Ct. 226,58 L.Ed.2d 198 (1978) (company submitted only two proposed plans for building skyscraper atop Grand Central railway terminal); Luf v. Southbury, 188 Conn. 336, 351, 449 A.2d 1001
(1982) (owner seeking damages to his property value due to lawful discontinuance of an unimproved public highway could not show a taking because "we cannot predict what response the plaintiffs would encounter if they were to present subdivision proposals of their own to the appropriate Southbury authorities"); Brecciaroliv. Commissioner of Environmental Protection, 168 Conn. 349, 357,362 A.2d 948 (1975) (plaintiff submitted only one application for a permit to conduct an activity on wetlands); Shorehaven GolfClub, Inc. v. Water Resources Commission, 146 Conn. 619, 625,153 A.2d 444 (1959) (owner submitted only one application for the designation of a specific channel from which to excavate gravel).
The Port Clinton case requires the court to grant the defendant's motion to dismiss because the plaintiff only submitted one application for a variance to the town's zoning regulations and has "made no attempt whatever to seek a favorable result on another proposal." Id., 608. Accordingly, the court could not have jurisdiction over the subject matter of the amended complaint because "no final administrative decision" has been made. The plaintiff further relies on the Port Clinton
decision for the proposition that a party pursuing a takings claim is not obliged to exhaust its administrative remedies. This reliance by the plaintiff is misplaced. In fact, the plaintiff in the Port Clinton case brought a claim against the defendants pursuant to 42 U.S.C. § 1983.[3] It has been held that42 U.S.C. § 1983 does not require exhaustion of administrative remedies before bringing a claim under the statute and, thus, such a claim will not be dismissed on that ground. Smith v.Robinson, 468 U.S. 992, 1011 n. 14, 104 S.Ct. 3457,82 L.Ed.2d 746 (1984); Patsy v. Board of Regents, 457 U.S. 496,102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (discussed fully in Port Clinton
for the language relied on by the plaintiff in the present case);Fetterman v. University of Connecticut, 192 Conn. 539, 549,473 A.2d 1176 (1984).
In the present case, the plaintiff has not alleged a violation of 42 U.S.C. § 1983. Therefore, the portion of the CT Page 6497Port Clinton court's reasoning cited by the plaintiff to support its assertion that a party pursuing a takings claim is not required to exhaust its administrative remedies does not apply to the plaintiff's inverse condemnation claim. Rather, the PortClinton court stated that the U.S. Supreme Court applied the proposition that a person need not exhaust his administrative remedies before bringing a § 1983 action "only to a § 1983 claim that was based on an alleged taking, not to a pure taking claim, i.e., one brought without reference to § 1983."Port Clinton Associates v. Board of Selectmen, supra, 217 Conn. 610, citing Williamson County Regional Planning Commissioners v.Hamilton Bank, supra, 473 U.S. 192.
The second argument advanced by the plaintiff to support its opposition to the defendant's motion is that the pending appeal before the superior court does not deprive the court of subject matter jurisdiction because the prior pending action rule does not apply to the present case. The prior pending action rule states "that when two separate lawsuits are virtually alike[,] the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652, 495 A.2d 264 (1985). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Id., 652 n. 4; see also Gaudio v. Gaudio, 23 Conn. App. 287, 294-95,580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). "The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues. . . ." (Citations omitted.) Conti v. Murphy, 23 Conn. App. 174, 178, 579 A.2d 576
(1990).
In the present case, the plaintiff argues that its pending appeal of the ZBA's decision to the superior court and this action are "fundamentally different claims" and the relief requested is "distinctly different" in the two cases. Indeed, it could be argued that, even if the plaintiff wanted to raise its constitutional claim in the pending administrative appeal, Connecticut case law generally prevents an unsuccessful applicant to a land use agency from raising a constitutional claim in an administrative appeal from the agency's decision. See, e.g.,Bombero v. Planning Zoning Commission, 218 Conn. 737, 742,591 A.2d 390, 393 (1991); Cioffoletti v. Planning and Zoning of Townof Ridgefield, 209 Conn. 544, 563, 552 A.2d 796, 805 (1989), on CT Page 6498 appeal after remand, 220 Conn. 362, 599 A.2d 9 (1991); Bierman v.Westport Planning and Zoning Commission, 185 Conn. 135, 139,440 A.2d 882, 884 (1981). The rationale for this rule is that an attack on the validity of a regulation should be "presented by way of a declaratory judgment action in which other property owners who may have an interest would have had the opportunity to intervene and be heard." Bombero v. Planning ZoningCommission, supra, 218 Conn. 742.
The present case, however, involves an exception to the general rule that constitutional issues cannot be raised in an appeal from an administrative agency's decision. Here, the plaintiff alleges that the actions of the defendant, through its land use regulatory agencies and officials, left the plaintiff without any economically viable and reasonable use of the property, and destroyed the plaintiff's reasonable economic expectations for the use of the property.[4] (Amended Complaint, par. 14.) Thus, the plaintiff challenges the ZBA's adverse decision pursuant to the town's zoning regulations, not the regulations themselves.
Accordingly, a claim of an unconstitutional taking of property is an attack on the regulation as applied to the specific piece of property, and not the constitutionality of the regulation in general. In such a case, the taking issue can be raised in an appeal from a denial of an application. Bombero v.Planning Zoning Commission, supra, 218 Conn. 746; DeForest Hotchkiss Co. v. Planning and Zoning Commission of Town ofMadison, 152 Conn. 262, 269 n. 1, 270, 205 A.2d 774, 778 n. 1, 779 (1964). See also Bierman v. Westport Planning and ZoningCommission, supra, 185 Conn. 140 (where the court recognized the rule, but held that an attack on the regulation in general requires an independent action). All other issues raised in the appeal, however, must be disposed of first and the court will decide the confiscation issue only when a decision on the nonconstitutional issues do not provide relief to the property owner. Bauer v. Waste Management of Connecticut, Inc., 234 Conn. 221,230, 662 A.2d 1179 (1995); Adolphson v. Zoning Board ofAppeals of Town of Fairfield, 205 Conn. 703, 720, 535 A.2d 799,807 (1988).
Thus, for the foregoing reasons the court hereby grants the defendant's motion to dismiss the plaintiff's amended complaint for lack of subject matter jurisdiction. CT Page 6499
CONCLUSION
The court grants the defendant's motion to dismiss because the plaintiff's amended complaint, in which it alleges that the defendant's zoning regulations, as applied to the plaintiff's property, constitutes inverse condemnation, is an exception to the general rule that constitutional claims cannot be heard as part of the appeal of an administrative agency's adverse decision. Thus, because the plaintiff appealed the ZBA's adverse decision and that appeal is pending before the superior court, this court lacks subject matter jurisdiction to hear the plaintiff's amended complaint.
D. Michael Hurley Judge Trial Referee