[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff, Rudy's Limousine Service, Inc., appeals from the final decision of the defendant Department of Transportation ("the department") denying the plaintiff's application for certain permits to operate intrastate livery service on the ground that the plaintiff had not established the requisite "public convenience and necessity." The other defendants are Laila Mandour, Adjudicator, Administrative Law Unit, Bureau of Public Transportation ("the hearing officer"), and Richard Blumenthal, Attorney General. For the following reasons, the court dismisses the appeal. CT Page 4820
BACKGROUND
After a hearing conducted on January 31 and March 21, 2001, the hearing officer found the following facts. The plaintiff is a livery operator with headquarters in Greenwich. The plaintiff began business over forty years ago and has grown steadily. The plaintiff now provides limousine service for customers traveling to places such as airports, casinos, proms, holiday affairs, and corporate matters. The net worth of the plaintiff is now approximately $3.5 million dollars. (Return of Record ("ROR"), Item 3 ("Final Decision"), pp. 2-3 ¶¶ 1, 2, 4; p. 4 ¶¶ 22-26.)
The plaintiff operates a fleet of ninety vehicles. Twenty-six of the vehicles currently have authority to provide intrastate service. In this proceeding, the plaintiff seeks authorization to use an additional sixty-one of its vehicles for intrastate service that are presently registered only for interstate service. (ROR, Final Decision, p. 2-3 ¶¶ 1, 7, 8.)
The majority of the work performed by the plaintiff goes out of state. During a five day period in December, 2000, the most intrastate trips made by the plaintiff during one day was thirty-one and the fewest was nine. There were fewer than ten trips to Bradley Airport in Windsor Locks during this period. Most of the trips during this period began or ended outside of Connecticut. (ROR, Final Decision, pp. 3-4 ¶¶ 12, 21, 22; pp. 8-9.)
The plaintiff has not applied for additional interstate or intrastate marker plates since 1980. All of the plaintiff's vehicles are now in use each day. The plaintiff seeks additional intrastate authority to enable it to use any car for any purpose when dispatched. (ROR, Final Decision, p. 6 ¶¶ 42-44; p. 10.)
On the basis of these and other facts, the hearing officer concluded that the plaintiff is financially suitable to operate the additional vehicles and is willing and able to operate within the regulatory scheme. The hearing officer also found that the plaintiff provides primarily interstate livery service and that the plaintiff wanted additional intrastate authority for its own private convenience. Focusing instead on the "public convenience and necessity," the hearing officer granted authorization for five additional vehicles to provide intrastate service and denied the plaintiff's application as to the remaining fifty-six vehicles. (ROR, Final Decision, pp. 7-11.)
This appeal followed. CT Page 4821
DISCUSSION
 I
Under the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., judicial review of an agency decision is very restricted. See MacDermid, Inc. v. Department of EnvironmentalProtection, 257 Conn. 128, 136-37, 778 A.2d 7 (2001). Section 4-183 (j) of the General Statutes provides as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Stated differently, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) Schallenkamp v.DelPonte, 229 Conn. 31, 40, 639 A.2d 1018 (1994). "It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion. . . ." (Internal quotation marks omitted.) Murphy v. Commissioner of MotorVehicles, 254 Conn. 333, 343, 757 A.2d 561 (2000).
 II
To the extent that the hearing officer denied the plaintiff's application, the hearing officer concluded that the application did not establish the "present or future public convenience and necessity for the service the applicant proposes to render," as provided in General Statutes § 13b-103 (b). See also General Statutes § 13b-103 (a) (1) ("public convenience and necessity").[1] (ROR, Final Decision, pp. CT Page 4822 6-11.) In this appeal, the plaintiff attacks both the constitutionality and the application of this statutory standard. The department initially urges this court not to address the constitutional argument because the court had earlier granted its motion to strike the second count of the complaint, which sought a declaratory judgment that § 13b-103 was unconstitutional and a judicial definition of public convenience and necessity. The plaintiff responds that it also challenged the constitutionality of the statute in the first count of the complaint, which the department did not challenge in its motion to strike.
It may be that the same reasoning applied by the court to strike the second count applies so as to prohibit the plaintiff from raising the constitutionality of a statute in an administrative appeal in any fashion, including the plaintiff's first count. On the other hand, our appellate courts have never expressly held that a plaintiff in an administrative appeal cannot attack the constitutionality of the statute relied upon by the agency and there is at least some general authority allowing a plaintiff to do so. See General Statutes § 4-83 (j)(1) (the court shall affirm an agency decision unless it is "[i]n violation of constitutional and statutory provisions"); Oklahoma v. Civil ServiceCommission, 330 U.S. 127, 138-39 (1947) ("None [of the cases cited by the government] deny to a court with jurisdiction by statute to review the legality of administrative orders the power to examine the constitutionality of the statute by virtue of which the order was entered.")
The court need not resolve this issue because a separate doctrine bars the plaintiff's constitutional attack. It is settled law that a party who has sought relief under a statute or ordinance may not challenge its constitutionality in the same proceeding. See Carofano v. Bridgeport,196 Conn. 623, 628, 495 A.2d 1011 (1985); J M Realty Co. v. Norwalk,156 Conn. 185, 191, 239 A.2d 534 (1968). Because the plaintiff has obtained permits and seeks to obtain additional ones under § 13b-103
in this proceeding, it may not attack the statute's constitutionality in this case.[2]
 III
The plaintiff next challenges the application of the "public convenience and necessity" standard in this case. Its initial argument is that the hearing officer erred by giving conclusive weight to public convenience and necessity rather than weighing it against the other standards, which the plaintiff had satisfied. The court disagrees. Because § 13b-103 (b) states that the department, in determining whether to grant a permit, "shall take into consideration" a series of standards connected by the conjunction "and," the hearing officer could CT Page 4823 reasonably construe the statute to require an applicant to satisfy all of the standards before granting a permit. This court gives deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. MacDermid, Inc. v. Departmentof Environmental Protection, supra, 257 Conn. 138.
Moreover, paragraph (a)(1) of § 13b-103 provides that:
 No person, association, limited liability company or corporation shall operate a motor vehicle in livery service until such person, association, limited liability company or corporation has obtained a permit from the Department of Transportation, specifying the nature and extent of the service to be rendered and certifying that public convenience and necessity will be improved by the operation and conduct of such livery service.
(Emphasis added.) The inclusion of the "public convenience and necessity" standard in the language of the permit confirms that this standard is a necessary (although not sufficient) condition of obtaining a permit. (ROR, Final Decision, p. 7.) The hearing officer thus did not err in denying the plaintiff's application solely on the basis that it had not established public convenience and necessity.
The plaintiff also maintains that it produced sufficient evidence of a need for more intrastate limousine service so as to satisfy the public convenience and necessity standard. As noted, "public convenience and necessity" means that the "benefits to be derived from the operation will not be limited to a few persons in a particular locality" and that it "will serve a useful public purpose, required or demanded by the public. . . ." Briggs Corp. v. Public Utilities Commission, supra,148 Conn. 682-83. Thus, in this case, the hearing officer properly examined the convenience and necessity of public consumers, not the private livery service. (ROR, Final Decision, p. 10.)
The plaintiff specifically attacks the methodology used by the hearing officer to determine a need for only five additional intrastate vehicles. The court, however, finds the hearing officer's conclusions drawn from the facts to be reasonable. The hearing officer focused on actual daily trip records because these records were the most reliable evidence of the level of intrastate business. (ROR, Final Decision, p. 8.) The plaintiff, rather than the hearing officer, selected the five day period from December 4 through December 8, 2000. (ROR, Final Decision, p. 8.) The daily trip records show that the plaintiff provided 2,014 trips during this period. of these, a very small percentage, as low as 1%, CT Page 4824 constituted intrastate trips. (ROR, Final Decision, pp. 8-9.) On the whole, the evidence showed that the plaintiff provides livery service that is primarily interstate in nature. (ROR, Final Decision, p. 11.)
The plaintiff argues that the hearing officer should have based her decision on the evidence of demand during the holiday and prom periods, during which the plaintiff could use its entire fleet to provide intrastate service, instead of the December 4-8 period. (ROR, Final Decision, p. 4, ¶¶ 24-25; p. 9.)[3] The hearing officer found that the holiday and prom seasons, which comprise twelve or more weeks, are not the norm. (ROR, Final Decision, p. 9.) Although there may be other ways to determine public convenience and necessity, the court cannot say that the hearing officer's focus on a five day period representing the majority of the year, rather than the minority, is unreasonable. Further, during the holiday season the plaintiff could conceivably take advantage of § 13b-103 (a)(2)(A), which provides that the department may issue a permit for livery service "to be used exclusively at funerals, weddings, christenings, processions or celebrations, without holding a hearing and certifying that public convenience and necessity would be improved by the operation of such vehicles." For all these reasons, the hearing officer's reliance on the evidence of intrastate use between December 4 and December 8 was reasonable.
From this evidence alone, the hearing officer could reasonably have found that the public need for more intrastate livery service from the plaintiff was limited. The hearing officer, looking at the evidence in a light most favorable to the plaintiff, additionally relied on the testimony of an employee of the plaintiff that the company turned away approximately five to seven calls per day for intrastate work. The hearing officer then assumed, also favorably to the plaintiff, that the company used one vehicle per intrastate trip.[4] Based on this information, the hearing officer quite logically concluded that the public had a need for five additional intrastate vehicles to meet the excess demand. (ROR, Final Decision, p. 11.) Thus, the hearing officer's conclusion authorizing the plaintiff to put five additional vehicles into intrastate service had a rational basis in the evidence, much of which the plaintiff itself produced. Accordingly, the plaintiff's challenge to the hearing officer's conclusions cannot prevail.
CONCLUSION
The plaintiff having failed to sustain the grounds for its appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court CT Page 4825