## ECHO FOUR *v.* GEORGE W. HILL ET AL.
### (2607)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued November 6, 1984—decision released January 8, 1985

*James R. Fogarty,* with whom, on the brief, was *Andrew P. Nemiroff,* for the appellants (defendants).

*Austin K. Wolf,* with whom was *Stewart I. Edelstein,* for the appellee (plaintiff).

HULL, J. The defendants, George W. Hill, the building and zoning inspector for the town of Darien, the planning and zoning commission, the zoning board of appeals, and the town itself, appeal from the trial court's judgment of mandamus ordering Hill to issue a certificate of occupancy permitting Pitney Bowes Credit Corporation (PBCC) to occupy the plaintiff's premises in Darien under a lease, and also declaring certain sections of the town's zoning regulations invalid.

There is no dispute about the underlying facts. On April 1, 1982, the plaintiff, Echo Four, a partnership, applied to Hill for a building permit to construct an addition or alteration to an existing structure owned by it in a central business district (CBD) zone. Hill denied the plaintiff's application because he believed that the proposed use was for "Administrative and Executive Offices," which are prohibited in a CBD zone by § 220.49 of the Darien zoning regulations, rather than for "Business and Professional Offices," which are permitted in a CBD zone by § 220.50 of the regulations.[1]

---

[1] The zoning regulations of the town of Darien provide for certain permitted uses in a CBD zone as follows:

"220.49  *Offices, Administrative and Executive:* An office facility which is designed to serve a headquarters or central administration type func-

The plaintiff appealed Hill's denial to the zoning board of appeals. Alternatively, the plaintiff requested a variance. On July 13, 1982, the board denied the plaintiff's requests for relief and on July 26, 1982, the plaintiff appealed to the Superior Court. That appeal is still pending in that court, and is not the subject of the present appeal in this court.

On May 6, 1982, the plaintiff wrote to Hill requesting the issuance of a building permit pending its appeal to the Superior Court, based on the understanding that said permit would be issued for a "section 220.50 use" (i.e., a Business and Professional Office) and that "no certificate of occupancy will be issued if the use is found to come under Section 220.49 or unless further action of the Zoning Board of Appeals or the Planning and Zoning Commission permits such use." On May 26, 1982, the plaintiff sent Hill a detailed letter describing the use of the property by the proposed tenant, PBCC. On June 15, 1982, Hill issued a building permit which specified that there was to be "no occupancy."

On October 29, 1982, the plaintiff sent to Hill a certificate of substantial completion together with a letter requesting a certificate of occupancy. Despite the fact that Hill found the improvements completed in accordance with the building permit application, Hill refused to issue the plaintiff a certificate of occupancy within ten days, as is required by § 521 of the zoning

---

tion and is not designed or oriented to provide goods or services directly to the local public. Any such facility shall be occupied by not more than three separate businesses or firms and parking facilities shall be used on a non-transient basis.

"220.50 *Offices, Business and Professional:* An office structure which supplies office space for businesses and professional persons who primarily provide goods and services directly to the local population. Such facility is generally subdivided into multiple units and typical tenants include doctors, lawyers, real estate agents, architects, engineers, and similar office uses. Requirements for pedestrian access and parking reflect the largely transient nature of the business activities."

regulations. Instead, Hill required, prior to the issuance of a certificate, that the plaintiff submit a "sworn affidavit that Pitney Bowes Credit Corporation will not be the tenant, nor will any other use be allowed that does not conform to 220.50 of the Darien Zoning Regulations and to the approval granted by the Darien Planning and Zoning Commission." On December 16, 1982, the plaintiff commenced a mandamus action against Hill in two counts to compel him to issue a certificate of occupancy.[2] Thereafter, the plaintiff filed an amended complaint adding a third count and citing in the additional defendants. The plaintiff's complaint, as amended, sought, in the first count, a writ of mandamus directing Hill to "issue a Certificate of Occupancy for the subject premises permitting occupancy by Pitney Bowes Credit Corporation." The third count sought "a judgment declaring the invalidity of Sections 220.49 and 220.50 of the Darien Zoning Regulations and the schedule of business zone uses for a Central Business District zone in said regulations, which permits 'business and professional' offices but excludes 'administrative and executive' offices." No notice concerning the declaratory judgment sought was given to anyone other than the named defendants.

On February 15, 1983, PBCC terminated its lease with the plaintiff because of the lack of a certificate of occupancy.

In declaring §§ 220.49 and 220.50 of the Darien zoning regulations invalid and issuing a judgment of mandamus, the court concluded (1) that § 220.50 purports to zone by identity of users and is therefore not authorized by the zoning enabling statute, (2) that § 220.50 is ambiguous and (3) that § 220.50 cannot be practically enforced.

---

[2] The second count, claiming that Hill was estopped from denying the issuance of a certificate of occupancy, is not involved in this appeal.

The trial court specifically ordered "[t]hat George W. Hill immediately issue a certificate of occupancy for the subject premises permitting occupancy by Pitney Bowes Credit Corporation." It rendered judgment declaring further "that §§ 220.49 and 220.50 of the Darien zoning regulations and the Schedule of Business Zone Uses for a Central Business District (CBD) zone in said regulations, which permits 'business and professional' offices but excludes 'administrative and executive' offices, are invalid" in general and specifically "as applied to prohibit occupancy of the subject premises by Pitney Bowes Credit Corporation . . . ."

The defendants claim seven grounds of appeal. The first claim is that the plaintiff did not comply with the notice requirements of Practice Book § 390 (d) and that, therefore, the trial court lacked jurisdiction to render a declaratory judgment. The second claim is that mandamus is not an appropriate remedy because issuance of the certificate of occupancy was not a ministerial duty and because the plaintiff had an adequate remedy at law. Because we conclude that the court lacked jurisdiction to render the declaratory judgment and that the mandamus count is inextricably intertwined with the declaratory judgment count, we do not consider the remaining grounds of appeal including the validity of §§ 220.49 and 220.50 of the zoning regulations.

"An action for declaratory judgment is a special proceeding under General Statutes § 52-29, implemented by Practice Book §§ 389 through 391." *Russo* v. *Watertown,* 184 Conn. 30, 33, 441 A.2d 56 (1981). Practice Book § 390 (d) provides that "[t]he court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Strict adherence to the notice requirements of § 390 (d) is required. *Russo* v. *Watertown,* supra; *Hopkins* v. *Pac,*

176 Conn. 318, 319, 407 A.2d 979 (1978); *Cavalli* v. *McMahon,* 174 Conn. 212, 215, 384 A.2d 374 (1978). "A failure to comply with § [390 (d)] is a jurisdictional defect and, as such, can be raised even on appeal by the court itself." *Russo* v. *Watertown,* supra, quoting *Manley* v. *Pfeiffer,* 176 Conn. 540, 545, 409 A.2d 1009 (1979).

"Section 390 (d) is not merely a procedural regulation, '[i]t is in recognition and implementation of the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard.' " *Russo* v. *Watertown,* supra, 34, quoting *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841 (1966).

The requirement of notice to interested parties is based upon practical considerations of fundamental fairness. In *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 196 A. 344 (1937), the court stated: " 'To hold the regulations invalid would necessarily create confusion in the town, injure property interests which had, presumptively at least, conformed to the then existing law, and disturb and impair past recall police regulations of service and value to this community.' " Id., 477, quoting *Coombs* v. *Larson,* 112 Conn. 236, 246, 152 A. 297 (1930). In *Toquet,* the plaintiff sought a declaratory judgment invalidating the town's zoning regulations regarding change of zones. The court held that making the municipality a party was insufficient to give notice to other property owners not named in the action but who were within the zone which was the subject of the dispute. "Under our rule all such persons even though their presence is not necessary to a decision of the issues between the parties of record are required either to be made parties or to have reasonable notice of the action. . . . In the action before us, property owners in the area affected other than the

plaintiff were not made parties to the action nor was any notice of its pendency given them. The trial court was not in error in the conclusion that under these circumstances the plaintiff was not entitled to a declaratory judgment." *National Transportation Co.* v. *Toquet,* supra, 484–85; see *Russo* v. *Watertown,* supra, 35; *Cavalli* v. *McMahon,* supra, 216; *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 307–308, 374 A.2d 245 (1977); *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683 (1965); see also *Bierman* v. *Planning & Zoning Commission,* 185 Conn. 135, 140, 440 A.2d 882 (1981).

The trial court found that the defendants were "the only entities having an interest in the subject matter" and, as previously noted, made no order concerning notice to any other interested persons. Although the plaintiff sought to declare invalid §§ 220.49 and 220.50 of the zoning regulations as applied to the CBD, the judgment sought required notice not only to property owners in the CBD, but to others as well. Nine out of eleven nonresidential zoning districts in the town allow one or both of the uses in question here. Only governmental interests are represented by the defendants. In this case, no property owners were named as defendants or given notice of this action. Although it is obviously impractical to make all possible interested persons parties to the action, we conclude that the court lacked jurisdiction to render a declaratory judgment because of its failure to give reasonable notice to all interested parties.[3]

---

[3] The cases cited to the contrary in the plaintiff's brief are inapposite. The trial court in this case rendered judgment declaring the two sections invalid not only as to the subject premises but also in general. In *Horwitz* v. *Waterford,* 151 Conn. 320, 197 A.2d 636 (1964), and *Corthouts* v. *Newington,* 140 Conn. 284, 99 A.2d 112 (1953), the complaint in each case sought a declaratory judgment only as to the particular premises. In *Lebanon* v. *Woods,* 153 Conn. 182, 215 A.2d 112 (1965), the judgment sought was of general application but the issue of notice was not raised.

The mandamus judgment is dependent upon the declaratory judgment and must fall with it. Without the judgment that the pertinent zoning regulations are invalid there is no basis for the issuance of the mandamus. The declaratory judgment, whether it concerns the invalidity of PBCC's occupancy under the plaintiff's lease or the invalidity of the subject zoning regulations generally, is the indispensable basis for the mandamus judgment. "Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." *West Hartford Taxpayers Assn., Inc.* v. *Streeter,* 190 Conn. 736, 740, 462 A.2d 379 (1983); *Cheshire Taxpayers' Action Committee, Inc.* v. *Guilford,* 193 Conn. 1, 5, 474 A.2d 97 (1984); see *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 481, 447 A.2d 1 (1982); *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975). "Since mandamus neither gives nor defines rights which one does not already have, it cannot, and does not, act upon a doubtful and contested right. *Boyko* v. *Weiss,* 147 Conn. 183, 186, 158 A.2d 253 [1960]." *Gerrity* v. *Bisciglia,* 178 Conn. 235, 238–39, 423 A.2d 871 (1979); *McAllister* v. *Nichols,* 193 Conn. 168, 171–72, 474 A.2d 792 (1984).

It is abundantly clear that the plaintiff does not have a clear legal right to the issuance of the certificate of occupancy.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.