### THOMAS V. CRISTOFARO *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF BURLINGTON (4725)

HULL, SPALLONE and BIELUCH, Js.

Argued March 11—decision released June 16, 1987

*Edward F. Scully,* with whom, on the brief, was *Kathleen B. Martin,* for the appellant (plaintiff).

*Charles W. Bauer,* for the appellee (defendant).

HULL, J. The defendant Burlington planning and zoning commission (commission) denied the plaintiff's application for a three lot subdivision of his property on the ground that the proposed lots failed to meet the requirement of its subdivision regulations that all lots proposed for subdivision measure at least one acre.[1] The plaintiff appealed to the Superior Court, where the commission's action was upheld and the appeal dismissed. Certification to appeal to this court was sub-

---

[1] Although two scrivener's omissions were also mentioned in the decision, the parties do not dispute that the decision's gravamen was the failure to meet the lot area requirement.

sequently granted. The plaintiff's sole claim of error is that a planning and zoning commission, acting in its capacity as a planning commission, has no authority to enact and apply a subdivision regulation which requires a larger minimum lot size than that set by the applicable zoning regulations.

The following facts are not in dispute.[2] The plaintiff, Thomas V. Cristofaro, is the owner of property on West Chippen Road in Burlington, Connecticut. At the time of the plaintiff's application to the commission for subdivision approval, the property was zoned "residential A."[3] On August 10, 1983, the commission conducted a public hearing on the plaintiff's application. At the conclusion of the public hearing, the commission disapproved the application. It referred to § 4-08B of the subdivision regulations in support of its decision. That section provides that "Regardless of the minimum area requirement of any Zoning District, in any application for Subdivision where both public water supply and public sewage systems are not available, the minimum Net Lot Area requirement, after all Natural Resource Characteristic reductions have been applied, shall not be less than one full acre." Despite the fact that each of the proposed subdivision lots met the 30,000 square foot requirement of the zoning ordinance, the commission denied the plaintiff's application because it did not have public sewer and water and did not meet the lot area requirements of the subdivision regulations.

The commission claims that the plaintiff cannot now challenge the validity of the subdivision regulations

[2] On May 3, 1985, the parties jointly filed a stipulation of facts with the trial court. The facts as stated herein are taken largely from that stipulation.

[3] Section 4.4 of the Burlington zoning regulations provides in relevant part that "every lot and building in a Residential District shall comply with the following requirements for the applicable District: . . . Minimum Lot Area, sq. ft. Residential A 30,000.00."

because he earlier sought to avail himself of those very regulations.[4] See *Bierman* v. *Planning & Zoning Commission,* 185 Conn. 135, 139, 440 A.2d 882 (1981). We agree.

In *Bierman,* our Supreme Court stated that "[t]he rule extant under our zoning cases is that a party who sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality." (Citations omitted.) Id., 139. The validity or constitutionality of an ordinance or regulation should be challenged in a declaratory judgment action.

The rationale behind this rule was discussed in *Bierman* in the context of distinguishing between challenging an entire regulation or ordinance and challenging its application to a specific party. In *Bierman,* the validity of certain zoning regulations was challenged as being unconstitutional per se. In refusing to decide the merits of the plaintiff's claim after the plaintiff had attempted to avail himself of the very regulations in question, the court stated: "To permit the attack as here, and to invalidate the challenged regulations as here, could seriously affect the rights of other property owners in the community, as well as undercut local governmental zoning authority. Our rules of practice provide means by which the broad constitutional attack . . . may be undertaken and determined with sufficient safeguards to permit notice to and intervention

---

[4] The plaintiff claims that we should not consider the commission's argument since it was not raised in a cross appeal or in a preliminary statement of issues. Practice Book § 4013 provides that an appellee's failure to cross appeal or identify an issue in a preliminary statement of issues will preclude review of the issue if the appellant is prejudiced by the appellee's failure to follow the Practice Book provision. See *State* v. *McIver,* 201 Conn. 559, 568 n.3, 518 A.2d 1368 (1986); *State* v. *Harris,* 10 Conn. App. 217, 231–32 n.2, 522 A.2d 323 (1987). In the present case, we do not find that there would be prejudice to the plaintiff as he had an adequate opportunity to address the issue in his reply brief.

by all interested persons. See General Statutes § 52-29; Practice Book § 388 through 394." Id., 140.

*Echo Four* v. *Hill,* 3 Conn. App. 118, 485 A.2d 926 (1985), is also controlling in this situation. In that case, the trial court held that certain portions of the Darien zoning regulations were invalid. We reversed, stating that the trial court lacked jurisdiction to render judgment as such because reasonable notice to all interested parties had not been given. We stated: "The requirement of notice to interested parties [in a land-use case] is based upon practical considerations of fundamental fairness. In *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 196 A. 344 (1937), the court stated: ' "To hold the [zoning] regulations invalid would necessarily create confusion in the town [and] injure property interests . . . ." ' Id., 477, quoting *Coombs* v. *Larson,* 112 Conn. 236, 246, 152 A. 297 (1930)." *Echo Four* v. *Hill,* supra, 123. *Echo Four* and *Bierman* are distinguishable from the present situation in two ways: first, the two cases concern zoning ordinances and not subdivision regulations; second, the cases discuss constitutionality of ordinances and not their validity, as is challenged here. We do not consider these distinctions to be relevant.

The general applicability that makes public notice mandatory in zoning matters is present in this case because the subdivision regulations are applied generally to the entire municipality. Further, we can discern no valid reason why the logic of *Bierman* and *Echo Four* should not apply to this situation merely because the validity of enacting the regulations, and not their constitutionality, is challenged. A determination by this court that the Burlington subdivision regulations concerning required lot size are invalid could have as serious an effect on other property owners and local land use bodies as would a determination that a zoning regulation was unconstitutional. Such challenges are

properly the subject for independent declaratory proceedings. See also *Aaron* v. *Conservation Commission,* 178 Conn. 173, 178-80, 422 A.2d 290 (1979); *Florentine* v. *Darien,* 142 Conn. 415, 428–29, 115 A.2d 328 (1955); *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 40, 74 A.2d 462 (1950). We therefore decline to address the plaintiff's claim.

There is no error.

In this opinion SPALLONE, J., concurred.

BIELUCH, J., dissenting. I disagree with the declination of the majority to address the plaintiff's claim of error. Further, I find that the majority's extension of *Bierman* v. *Planning & Zoning Commission,* 185 Conn. 135, 440 A.2d 882 (1981), to preclude consideration of nonconstitutional claims of invalidity is unwarranted.

The commission filed a motion to dismiss the zoning appeal in the trial court, claiming that the Superior Court lacked "subject matter jurisdiction" because the plaintiff was questioning the application of a particular subdivision regulation to his proposed subdivision after having made an application for approval under the subdivision regulations of which the one in question was a part. The sole basis for its motion to dismiss was *Bierman.* After a hearing, the commission motion was denied by the court without a memorandum of decision.

After hearing the plaintiff's appeal, the trial court filed a memorandum of decision in which it responded to the commission's "preliminary argument that the plaintiff should be precluded from bringing an appeal on this basis because it is in essence a challenge to the commission's jurisdiction, citing *Bierman* v. *Planning & Zoning Commission,* [supra]," by stating: "That issue, however, as it affects the case at bar, has already been decided by this court *(Byrne, J.)* in denying the

defendant's earlier motion to dismiss. It is the law of the case, and the court will not disturb it."

The defendant filed no preliminary statement of issues for the presentation of its claim on review. Practice Book § 4013 (a) (1). In a footnote, the majority opinion holds that the failure to identify an issue in a preliminary statement of issues will preclude review of the issue only if the appellant is prejudiced by the appellee's failure to follow the appellate rules of practice. In this appeal, however, the majority found no prejudice to the appellant as he had an adequate opportunity to address the issue in his reply brief. I disagree with the majority's conclusion that it is duty bound to consider the defendant's claim.

Practice Book § 4013 (a) (1) (formerly § 3012) requires that an appellant file with his appeal "[a] preliminary statement of the issues intended for presentation on appeal." Thereafter, if an appellee "wishes to present for review adverse rulings or decisions of the court which should be considered on appeal in the event the appellant is awarded a new trial . . . he *shall* file a preliminary statement of issues . . . ." (Emphasis added.)

Practice Book § 4013 (a) (1), effective October 1, 1986, amended the former § 3012 in two relevant respects: (1) the mandatory term "shall" replaced the word "may" to make clear the requirement of filing a preliminary statement of issues for review; and (2) the following paragraph was added to the rule: "Whenever the failure to identify an issue in a preliminary statement of issues prejudices an opposing party, the court may refuse to consider such issue."

Although Practice Book § 4013 (a) (1) now allows review of issues not previously raised in a preliminary statement of issues where the opposing party is not prejudiced; see *Manchester Sand & Gravel Co.* v. *South*

*Windsor,* 203 Conn. 267, 270 n.3, 524 A.2d 621 (1987); *State* v. *Harris,* 10 Conn. App. 217, 231–32 n.2, 522 A.2d 323 (1987); I believe that an appellate court is not required to grant review of a previously unidentified issue where the appellee, as here, declined to afford itself of the proper method of raising the issue, namely, by filing a preliminary statement of issues. See *St. John* v. *State,* 9 Conn. App. 514, 515 n.2, 520 A.2d 612 (1987). Otherwise, in the absence of prejudice, no need would exist to claim an issue in a preliminary statement of issues on an appeal by the opposing party. The appellee commission in this case should have filed a preliminary statement of issues under Practice Book § 4013 (a) (1). Furthermore, I find inherently prejudicial the commission's complete failure in its brief to analyze *Bierman* within the factual circumstances presented by the plaintiff's complaint and its failure to inform this tribunal whether the trial court articulated any basis for the denial of the motion to dismiss the appeal below.

Under the circumstances here, I believe the majority should not have considered the commission's claim that the plaintiff lacked standing to challenge the contested subdivision regulation.[1]

---

[1] The commission alleged a lack of subject matter jurisdiction both in its motion to dismiss the appeal and at trial. On appeal, the commission has changed tack and claims that the plaintiff, as an unsuccessful applicant for subdivision approval, "has no standing to challenge the regulations relied upon." In substance, the commission has narrowed its claims to one of standing to appeal.

The commission has not cited any authority classifying this issue as one of jurisdiction. Nor have I in my review of the authorities found any judicial holding establishing that the claim made here is jurisdictional in nature.

Case law clearly establishes the preclusion of review of the constitutionality of a statute by an applicant who seeks relief thereunder. Seeking relief under a statute constitutes a waiver of the right to question its validity. *Wall* v. *Parrot Silver & Copper Co.,* 244 U.S. 407, 411–12, 37 S. Ct. 609, 61 L. Ed. 1229 (1917); *Bierman* v. *Planning & Zoning Commission,* 185 Conn. 135, 139, 440 A.2d 882 (1981); *Florentine* v. *Darien,* 142 Conn. 415,

I further disagree with the majority's extension of *Bierman* v. *Planning & Zoning Commission,* supra, to require that nonconstitutional claims of invalidity be decided in a separate declaratory judgment action.

The majority recognizes that *Bierman* is "distinguishable from the present situation in two ways: first, *[Bierman]* concern[s] zoning ordinances and not subdivision regulations; second, *[Bierman]* discuss[es] constitutionality of ordinances and not their validity, as is challenged here." These distinctions, however, are not considered relevant by the majority. I believe to the contrary; the distinctions are relevant, and do not permit *Bierman* to control the issue before us. *Bierman* should be restricted to what it concludes: "The rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality. . . . Our rules of practice provide means by which the broad constitutional attack erroneously permitted in this case may be undertaken and determined with sufficient safeguards to permit notice to and intervention by all interested persons." Id., 139–40.

The rationale of the rule in *Bierman* is that one seeking relief under a statute is thereby accepting and acknowledging its validity. If the statute is held void upon his further attack, the applicant must go down with its downfall. "The two positions are entirely inconsistent, and utterly repugnant to any reasonable pro-

429, 115 A.2d 328 (1955); *Coombs* v. *Larson,* 112 Conn. 236, 245, 152 A. 297 (1930); *Rindge* v. *Holbrook,* 111 Conn. 72, 77, 149 A. 231 (1930). Such a waiver is unrelated to the jurisdictional question of standing to appeal.

Subject matter jurisdiction may not be waived or granted by consent. *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 39, 495 A.2d 1034 (1985); *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 552, 489 A.2d 368 (1985); *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 678–79 n.1, 485 A.2d 1272 (1984).

cedure." *Holley* v. *Sunderland,* 110 Conn. 80, 86, 147 A. 300 (1929); see *Wall* v. *Parrot Silver & Copper Co.* 244 U.S. 407, 412, 37 S. Ct. 609, 61 L. Ed. 1229 (1917); *Bierman* v. *Planning & Zoning Commission,* supra, 140 n.8; *Rindge* v. *Holbrook,* 111 Conn. 72, 77, 149 A. 231 (1930). This rationale bears no logical connection to the plaintiff's claim before us that the commission had no authority to enact a subdivision regulation contrary to the overlying zoning regulations of the town, with which he complied in their entirety.

For these reasons, I find the majority's refusal to consider the merits of the plaintiff's claim of error to be without proper support. Consequently, I dissent from its opinion and would grant review of the issue presented to us by the plaintiff.