[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
The primary claim plaintiff makes in these appeals is that the revocations of the zoning and building permits are "not rationally related to the exercise of the police powers, and would, if allowed to stand, work a taking of appellant's property without compensation." Brief of Appellants, 3/1/91, p. 10. [106]
The apparent basis for plaintiff's claim is that CT Page 9604 "approximately half the lots on [Vivian] street are undersized." Plaintiff claims some have only fifty feet of frontage. According to the plaintiff, "these lots are significantly smaller than the lot here in question, and the Board has permitted their use for residential purposes. In other words, Gallicchio has been treated differently by the Board than have most of its prospective neighbors." Brief of Appellants, 3/1/91, p. 12. [106] Plaintiff also states, "There is no rational relation between health and welfare and the revocation of the permits in this case, chiefly because the record indicates that many of the other lots on the same street do not meet the area and frontage requirements and yet are permitted. In addition, as a result of the revocation of the permits, Gallicchio will be deprived of all use of its property. Further, the permits were issued initially, and Gallicchio had begun construction before they were revoked. As a result of the irrational, illegal, and abusive exercise of discretion on the part of the Board, a taking has been effected. . . Gallicchio relied on the local regulations, as well as the way those regulations have been applied to allow nearly half of the property owners on the same street to build on undersized lots." Opposition To Motion to Strike Issue I From Appellant's Brief, 5/6/91, pp. 6-7. [113]
This claim is not set forth in either of plaintiff's appeals as filed originally in this court. It is first mentioned in plaintiff's brief dated and filed March 1, 1990. Brief of Appellants, 3/1/91, pp. 10, 12-19. [106] It is a claim that the Newington Zoning Ordinances "are unconstitutional as applied" to plaintiff in this case. Brief of Appellants, 3/1/91, p. 19. [106]
The defendant zoning board of appeals has moved to strike this issue from the appeal(s). It contends that (1) the issue is not raised in the pleadings and (2) "that a party who has utilized land use regulations by applying for a permit pursuant to those regulations cannot attack the constitutionally of the provisions governing the issuance of the permit in its appeal from the denial or revocation of that permit." Memorandum of Law in Support of Appellee's Motion to Strike Issue 1 From Appellant's Brief, 4/25/91, p. 6 [110.10]
Defendant states that "[t]he appeals fail to allege facts to support any constitutional claims." Memorandum Of Law In Support Of Appellee's Motion To Strike Issue I From Appellant's Brief 4/25/91, p. 4. [111.10]
The appeals (complaints) do not state the key facts upon which plaintiffs relies for its primary claim. No mention is made in the complaints that the frontage of a substantial number CT Page 9605 of already built on Vivian Street lots is less that the required 80 feet, some of which have even less frontage that plaintiff's. The complaints do not state there has been a deprivation of use or "taking" that the property has been rendered useless, the regulations have been applied unevenly, the board's actions were confiscatory, or the board's actions were unconstitutional, etc. The court does not require "magic word" pleading. However the pleadings should state the essential facts upon which a party relies. The essential facts upon which plaintiff's primary claim (as the court understands it) is based are not set forth in either of the appeals (complaints) now on file. In order for the court to decide this claim, it must have the facts upon which it is based specifically set forth in the appeal(s), i.e complaints(s).
Defendant also contends that plaintiff's claim cannot be considered in these appeals. Defendant says ". . . appellant attempts to make a facial challenge to the Newington Zoning regulations claiming that the 80 foot frontage requirement imposed by the regulations is not rationally related to the police powers." Memorandum Of Law In Support Of Appellee's Motion to Strike Issue I From Appellant's Brief, 4/25/91, pp. 6-7. [111.10] According to defendant, a constitutional challenge of this nature cannot be made in appeals such as these. Defendant may well be correct on the principle of law. Bierman v. Planning Zoning commission, 185 Conn. 135 (1981) Cristofaro v. Planning Zoning Commission, 11 Conn. App. 260
(1987).
But plaintiffs states it has not made a facial challenge to the regulations. "Gallicchio does not believe that the Ordinances are unconstitutional on their face. Gallicchio does not believe that the Ordinances give the Board the authority to do what it has done." Opposition To Motion To Strike Issue I From Appellant's Brief, 5/6/91, p. 7. [113] In fact plaintiff did not claim anywhere in its initial brief that the ordinances, or any one or more of them were unconstitutional per se. The only place where a facial or per se claim of unconstitutionality is even hinted is where plaintiff argues: "Even if the ordinance is not facially unconstitutional, as applied it not only fails to promote the police powers but that failure renders the Board's actions confiscatory." Brief of Appellants 3/1/91, p. 16. [106] Despite the phrase, "Even if the ordinance is not facially unconstitutional," plaintiff has not made the claim that any ordinance was unconstitutional on its face.
The plaintiff shall file a substitute complaint within 10 days if it wishes to pursue, and the court to consider, its claim or claims based upon the alleged prevalence of already CT Page 9606 built upon lots in the immediate area which are deficient in frontage vis-a-vis the zoning regulations; the specific facts upon which plaintiff relies for its claim(s) must be set forth therein.
The court believes a short chambers conference would help to expedite the hearing and resolution of this case. Counsel should contact each other and the court to schedule it for a mutually convenient time. It is so ordered.
BY THE COURT PARKER, J.