[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter the plaintiff is appealing a decision of the defendant Agency in denying her application to conduct a regulated activity on four lots, i.e., Nos. 64, 68, 69 and 70 on Boxwood Road in Farmington.
The court held a hearing on December 17, 1991 at which time the parties were heard and the court found the plaintiff to be aggrieved as the owner of the subject premises. At such hearing, the plaintiff withdrew the appeal as to Lot 70.
The following facts are undisputed as indicated by plaintiff's amended complaint and the answer of the Town and the Agency. The Commissioner of Environmental Protection filed an answer in which he claims no knowledge of any of plaintiff's allegations and leaves plaintiff to her proof.
In accordance with 22a-42, as amended, the Agency, on or after October 23, 1973, adopted regulations known as "The Inland Wetlands and Watercourses Regulations of the Town of Farmington" (the Regulations). Plaintiff is the owner of certain real property located in the Town of Farmington and known as Lots 64, 68, 69 and 70 Boxwood Road (the subject property) on a subdivision map entitled `SUBDIVISION PROPERTY OF HOWARD L. MENZEL — D.B.A. THE FARMINGTON DEVELOPMENT CO., INC., HIGH POINT WEST SECTION FOUR A, Farmington, Connecticut 06032." The subdivision was approved by the Farmington Town Plan and Zoning Commission (the PZC) on April 28, 1986. Subsequent to the completion of roadways, utilities, conveyance of open space and the construction of two single family homes, the building official of the Town refused to issue building permits to certain lots owned by plaintiff solely on the basis of the apparent existence of wetlands on the property. CT Page 2756
By application dated December 11, 1990, plaintiff applied to the Agency for approval to conduct a regulated activity on the subject property. The Agency conducted a public hearing on the application and denied plaintiff's request to construct residences on the building lots approved in 1986.
On March 7, 1991, the Agency published notice of its decision in a newspaper according to law, and mailed notice of its decision to plaintiff.
The notice sent to plaintiff provides as follows:
 At a regular meeting of the Inland Wetlands and Watercourses Agency on February 25, 1991 it was unanimously voted to deny your application for permit for regulated activity on Lots 68, 69 and 70 Boxwood Road.
 Members found that based upon the testimony of the soil scientist this large wetlands area remains viable and functional with additional potential for restoration. As for Lot 70 it was found that a prudent and feasible alternative for its development exists.
 In addition, it was also unanimously voted to deny your application for permit for regulated activity on Lots 63 and 64 Boxwood Road. An alternative driveway for Lot 64 was found to be feasible in order to preserve the function of the wetlands.
This appeal followed.
At the aforesaid hearing, the plaintiff moved to strike a second supplemental return of record, which purports to relate to matters that were not before the agency. However, the plaintiff, in her brief, refers to some of such matters, in relation to the preceding administrative action on the subject premises. Accordingly, the court sustained the objection to the motion to strike.
Although the plaintiff in her appeal cites nine grounds, the issues briefed are the three following:
1. Whether the activity for which a permit was sought was exempt from regulation, pursuant to 22a-40 (a)(2)ii;
2. whether the soils identified as "transitional CT Page 2757 wetlands" by the soil scientist retained by plaintiff are within the jurisdiction of the defendant agency;
3. whether the agency determined that the feasible alternatives do not exist.
The plaintiff then argues that, in the light of the foregoing, there has been a taking of property of the plaintiff without compensation.
All other claims are deemed abandoned. Curry v. Planning Zoning Comm., 34 Conn. Sup. 52-54.
As to the first ground, the plaintiff argues that the subject premises are part of a 133-lot subdivision approved by the defendant Agency, acting as a planning commission in 1961. She then argues that subject premises were part of a 14-lot tract approved by the defendant Agency, acting as a planning commission, in 1986, pursuant to an application filed by her late husband, her predecessor in title. (R., R. and BB. pp. 1-4).
R., GG is an application for final approval of an open space subdivision submitted to the Town Plan and Zoning Commission, dated March 21, 1986. The application defines the tract as "High Point West — Section 5." R., a is an application by the plaintiff to the defendant Agency as a planning commission for minor revisions of a subdivision, and for permission to conduct a regulated activity in an inland wetland. Both applications identify the tract as "High Point West, Section Five." Apparently, some of the lots were in Section 5 and some in Section 4a. See R., G. The appeal refers to lots in Section V (Appeal p. 12), and also in Section Four A (Appeal p. 3). Apparently it is not in dispute that the appeal relates to Lots 64, 68, 69 and 70, Boxwood Road (Appeal p. 4), whichever section they should fall into.
In any event, the applications (R., GG) sought approval of 14 lots. Said application, paragraph 14, states, in part, as follows:
"14. All information submitted with this application is true and accurate to the best of my knowledge." It was signed by Howard L. Menzel, on March 21, 1986. Paragraph 11 reads: "Does property contain areas classified as inland wetlands or watercourses? ___ Yes ___ No" This question is not answered either way. R., II is a letter to Howard Menzel from the Town Plan and Zoning Commission dated April 30, 1986, informing him of approval of his application for 14 lots with conditions. CT Page 2758
On December 11, 1990, the plaintiff herein filed an application with said commission, asking for minor revisions of the subdivision known as Section Five. In this application the question as to wetlands is answered affirmatively. Attached to such application is an application to the Agency as an inland wetlands and watercourses agency for permission to conduct a regulated activity in Section Five. This application was acted upon as noted, supra.
 I.
In her brief, the plaintiff argues that the activities sought in the application are permitted as a matter of right under Section 22a-40 (a)(2) of the General Statutes. Section 4(A)(2) of the defendant's Regulations appears to track the statute, and reads as follows
"Section 4. PERMITTED USES
A. The following operations and uses shall be permitted in inland wetlands and watercourses, as of right: . . .
2. A residential home for which a Building Permit was issued prior to the effective date of adoption of these regulations. A residential home on a subdivision lot provided the subdivision had been approved prior to the effective date of adoption of these regulations and further provided that a Building Permit was issued on or prior to July 1, 1987."
It should not be disputed that the plaintiff's application was submitted under the inland wetlands regulations of the defendant commission in effect at the time of the application. See Section 22a-42, C.G.S.
Although not raised by any party, the court lacks jurisdiction to review this ground of appeal, because the plaintiff and her predecessor in title have failed to exhaust an adequate administrative remedy. See Astarita v. Liquor Control Comm., 165 Conn. 185, 190. Connecticut Mobile Homes Assn. v. Jensen's Inc., 178 Conn. 586, 588.
No reason appears as to why the plaintiff could not have sought a ruling from the Agency as to the applicability of Section 4 and, in the event of an adverse ruling, assigned it as a ground for appeal.
II. CT Page 2759
The second ground for the appeal appears to be that the defendant Agency lacks jurisdiction over the subject premises because the report of the plaintiff's soil scientist classifies the inland wetland soils on such lots as "transitional wetlands." (R., C.). The report and testimony of the soil scientist was the sole evidence of soil types before the Agency.
The plaintiff argues that the Agency authority is limited to the wetlands and watercourses in its jurisdiction, citing Connecticut Fund for the Environment v. Stamford,192 Conn. 247, 250. The plaintiff then argues (Plaintiff's Brief p. 20), that "[T]he analysis [of the soil scientist] identifies soils as transitional wetlands conditions." The actual language of the report is as follows:
"The other wetland areas along Boxwood Road and Pinewood Road (Lots 67 through 70 and 72 through 74) tend to have more transitional wetlands conditions . . . Functional values of wetlands on these lots are much lower than those associated with the wetlands on Lots 37-52 and 63-64." (R., C). Further, wetlands are defined by soil classification — see Regulations, Section 2 — Definitions, par. 15. The boundaries of the wetlands subject to the Agency's jurisdiction are shown on the inventory map entitled "Official Inland Wetlands and Watercourses Map Farmington Connecticut." Regulations, Section 3.A.
In short, there is no evidence that the subject area is not within the Agency's jurisdiction. The sketches of the lots in plaintiff's Brief (pp. 5, 6, 7) show the wetlands delineated on the site.
Further, the application of the plaintiff (R., B) relates to a regulated activity, not to a change in boundary. As such, the plaintiff may not challenge the Agency's territorial jurisdiction in this proceeding. Cristofaro v. Planning Zoning Commission, 11 Conn. App. 260, 262. The argument raised would be properly addressed in a petition to modify the wetlands map, and cannot be raised in this proceeding, even if there were merit to the argument.
 III.
The third ground raises the issue as to whether the Agency had authority to consider, as a feasible alternative for Lot 64, a driveway across the adjoining lot (63) to the highway.
The plaintiff argues that such a proposal is beyond CT Page 2760 the Agency's authority because it deals with land not located within the wetlands area, citing Connecticut Fund for the Environment, supra.
The plaintiff argues, without citation, that such proposal will render Lot 63 non-conforming.
In Red Hill Coalition Inc. v. Conservation Commission,212 Conn. 710, the Supreme Court upheld an agreement between the property owner and the commission to provide off-site compensation of loss of wetlands so long as the commission considered the impact on the subject property, (p. 722). There is sufficient evidence in the record to support a finding that the Agency considered all of the policies required to be considered by it.
This court cannot say that the Agency acted improperly in denying the permit for Lot 64, since a feasible alternative as to the proposed activity does exist.
 IV.
The last claim of the plaintiff is that the action of the Agency constitutes a taking of property without compensation.
"If upon appeal pursuant to section 22a-43 the court finds the action appealed from constitutes the equivalent of a taking without compensation, it shall set aside the action or it may modify the action so that it does not constitute a taking." See 22a-43a, C.G.S.
The court first notes that the subject application is apparently the first of such filed with the Agency. There is no evidence in the record that these proposals are the sole feasible plans for such lots. Indeed, as to Lot 64, a feasible alternative does exist. The court also notes that the appeal was withdrawn as to Lot 70, indicating that a reasonable alternative may have come into existence.
In Gil v. Inland Wetlands and Watercourses Agency,219 Conn. 404, 415, the Supreme Court noted that the plaintiff was not entitled to judicial review of the merits of a regulatory takings claim until the requirement of finality of agency determination has been met, citing Port Clinton Associates v. Board of Selectmen. 217 Conn. 588. It noted that, in Port Clinton Associates, it had stated that "in most cases a property owner must do more than submit one plan to an agency in order to establish that the agency's decision is `final' for the purposes of the takings clause." CT Page 2761 2761 P. 607.
Since the plaintiff has not established that the Agency has reached a final decision in these matters, the court finds that the action of the Agency is not the equivalent of a taking without compensation.
As of the time of filing of the subdivision application in March of 1986, Section 8-26 of the General Statutes read as follows, in pertinent part:
 "If an application involves land regulated as an inland wetlands watercourse, under the provisions of Chapter 440 and the agency responsible for administration of the inland wetland and watercourse regulations has not already reviewed the application, the applicant shall file a copy of the application with such agency within ten days after filing such application with the planning commission, and the commission shall give due consideration to any report filed with it by such agency prior to rendering a decision on such application."
It is clear that the plaintiff's predecessor in title did not comply with such law, notwithstanding the existence of wetlands on such land as admitted by the plaintiff.
Further, at the same time, Section 22a-42a(c) of the General Statutes read as follows, in pertinent part:
"Any person proposing to conduct or cause to be conducted a regulated activity upon an inland wetland and watercourse shall file an application with the inland wetlands agency of the town or towns wherein the wetland is located."
It is equally clear that the predecessor in title did not file such application.
In short, in seeking to develop the property, the predecessor in title did not comply with the regulatory requirements as set out by the General Assembly.
A proper regard for the enactments of a co-equal branch of government requires that this court address the claims of the plaintiff as if her predecessor had complied with the law. From the point of view of the legislative purpose of Chapter 440, valuable wetlands may have been already lost from the unregulated activities of the plaintiff and her CT Page 2762 predecessor.
In Manor Development Corporation v. Conservation Commission, 180 Conn. 692, the plaintiff appealed a decision of the defendant commission that approved an application affecting 33 building lots. Such decision, however, resulted in the loss of seven lots. The plaintiff's appeal alleged the deprivation of such lots constituted a taking without just compensation. A previous proposal for all thirty-three lots was denied and an appeal therefrom dismissed. The court found that the second application permitted the plaintiff to use all of the land except seven lots. "The result is that there has been no practical confiscation of and no unconstitutional taking of the land." p. 697.
The underlying premise is that if the value of the entire tract is viewed as a whole, the loss of use of a portion — one or more individual lots — does not constitute the equivalent of a taking.
By applying the same principles to the instant matter, i.e., looking at the loss of use of one or more lots in the context of the tract of fourteen, the court finds that the plaintiff cannot be heard to claim confiscation. To address the issue in any other way would reward the avoidance of the regulatory scheme enacted by the legislature and frustrate the important conservation policies as expressed in such legislation.
The appeal is dismissed.
BURNS, JUDGE
[EDITORS' NOTE: CT Page 2763 to 2768 are blank.] CT Page 2769