[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner requests that the court issue a writ of. mandamus compelling the respondent, the Plainfield building official, to issue a certificate of occupancy for premises located at 6 Green Hollow Road, Plainfield, to be used as an adult entertainment theater.
The parties stipulated that on October 3, 1998, the petitioner filed a use and compliance application for the theater, which was granted on November 6, 1998. Also, on December 11, 1998, the building official issued a building permit for renovations to an existing structure on the property.
On September 7, 1999, the court held an evidentiary hearing on this petition. The court finds the following additional facts: The building officials have declined and continue to decline to provide a certificate of occupancy for the premises. The petitioner has never appealed this refusal to the Plainfield zoning board of appeals. Instead, the petitioner brings this mandamus act on.
A party seeking a writ of mandamus must demonstrate (1) that the party has a clear legal right to the performance of a duty by the respondent; (2) that the respondent has no discretion with respect to that duty; and (3) that the petitioner has no adequate remedy at law, Golden Hill Paugusett Tribe of Indians v. Weicker,51 Conn. App. 552, 555 (1999). Because it is dispositive, the court focuses on the third requirement, i.e. the absence of an adequate legal remedy.
The court holds that the petitioner has an adequate remedy under G.S. § 8-6 (a)(1). That statute provides that the local )zoning board of appeals has the power and duty "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the [zoning enforcement official]," (emphasis added). The respondent is the building official charged with the responsibility to enforce zoning requirements for Plainfield. The zoning board of appeals can reverse any order, requirement or decision of the respondent in that capacity, G.S. § 8-7. It is within the authority of the Plainfield zoning board of appeals to hear an appeal by the petitioner regarding the respondent's decision to refuse a CT Page 13121 certificate of occupancy, to reverse that decision, and to require the respondent to issue the certificate of occupancy, because under § 8-7, the board has all the powers of the respondent. In the event of an unfavorable decision by the board, the petitioner may then appeal to the Superior Court, G.S. §8-8. The specific remedy sought by the petitioner is the issuance of the certificate of occupancy. An appeal to the Plainfield zoning board of appeals can provide that remedy, if successful.
The court notes that this precise issue was raised in EchoFour v. Hill, 3 Conn. App. 118, 122 (1985). The Appellate Court, however, never decided the issue because the appeal was dismissed on other grounds, Id. The court's research discloses no other appellate level case addressing this question.
In DiCamillo v. Stratford, Superior Court, Fairfield J.D., d.n. CV94-315019 (May 16, 1997), Judge Moran decided a similar case. He ruled that the failure to appeal the refusal by the building official to issue a certificate of occupancy was appealable to the local zoning board of appeals, and the failure to utilize that appeal deprived the court of subject matter jurisdiction. Judge Moran characterized the failure to appeal the denial of the certificate of occupancy to the local zoning board of appeals as a failure to exhaust administrative remedies undermining subject matter jurisdiction.
This court views the omission of appeal to the local board differently, but arrives at a similar result. The opportunity to appeal to the local board from the building official's refusal to grant a certificate of occupancy constitutes an adequate legal remedy. Mandamus is unavailable where such legal recourse exists. The petition for a writ of mandamus is, therefore, denied.
Sferrazza, J.