[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal pursuant to C.G.S. § 22a-43, by the plaintiffs David G. Moyer and Katherine H. Moyer from the actions of the Conservation Commission of the Town of Westport, which denied the application of the plaintiffs to construct an elevated wooden walkway through the wetland area on their property. The plaintiffs are the owners of the subject property and therefore the court finds them to be aggrieved.
The plaintiffs' property consists of their residential house and land comprising some 6.3 acres in a two-acre residential zone in Westport. The property contains approximately 2.45 acres of inland-wetland which separates the residential structures located upland on Bayberry Lane from an upland area to the east.
The proposed boardwalk is approximately 300 feet long and is 4 feet wide. The plaintiffs' intent and purpose in constructing the walk "is to minimize pedestrian traffic through the wetlands by providing a safe, dry and convenient route through the wetlands, particularly in the wet season." The elevated structure is designed to provide somewhat less than two feet of clearance above grade. After public hearings, the Commission on July 25, 2001 denied the application. In June 2000, about a year earlier, the Commission denied a similar application for a somewhat longer boardwalk through the wetland. The issue before the court is whether, in the present application, the Commission acted properly or whether it acted illegally, arbitrarily or in abuse of its discretion.Cumberland Farms, Inc. v Zoning Board of Appeals, 74 Conn. App. 622, 626
(2003).
The plaintiffs have the burden of proving that there is no substantial evidence in the record that supports the Commission's decision.Cumberland Farms, Inc. v. Zoning Board of Appeals, supra,74 Conn. App. 626. As in administrative appeals generally, in reviewing CT Page 2468 the actions of an inland-wetlands agency, "[t]he trial court's function is to determine on the basis of the record whether substantial evidence has been presented to the [Commission] to support [its] findings . . ." (Citation omitted.) Id. 627.
The Commission made findings, twenty in number, with regard to this wetland, of which number 19 reads as follows:
The Conservation Commission finds that the boardwalk will significantly impact the wetlands and watercourse as a result of the construction, installation of the boardwalk, and trimming and pruning of vegetation within a 10' wide corridor. The installation of a boardwalk will remove plant life, require on-going maintenance of a 10' wide corridor and boardwalk, including the removal of deadfall/those trees perceived to be a danger to the boardwalk, disturb wildlife by introducing a human presence, reduce sunlight where the boardwalk is installed and increase sunlight where vegetation is trimmed and pruned. All of which will adversely affect the wetland and watercourse.
In addition, the Commission included in its resolution concerning the plaintiffs' application, that the plaintiffs' request to install the boardwalk ". . . is denied on the basis that there are other feasible alternatives to the proposed regulated activity which have less adverse impacts on the existing wetland/watercourse. Existing trail provides access to the rear of the property, therefore, proposed access is not necessary as current application proposes. Vegetation that may cause a threat to boardwalk users will continually need to be managed/removed. Therefore, the removal of trees that fall naturally will disrupt the natural process of decomposition and a valuable component of wildlife habitat." Said findings and resolution present the agency's reasons for its decision, and the court finds substantial evidence in the record to support them.
The plaintiffs contend that in reaching its decision the Commission ignored the testimony of "their own" expert, Mr. Jontos, who testified that it is possible to construct the boardwalk without a significant adverse impact to the environment. However, an expert retained by the neighbors who opposed the plaintiffs' application, Edward Pawlak, a registered soil scientist and certified professional wetland scientist, offered his opinion regarding the wetland in question. He described the nature and extent of the wetland and found it to be relatively large, providing a valuable habitat for a variety of wildlife species. The wetland is a deciduous wooded swamp with a very densely vegetated shrub stratum. It also contains several small seasonal watercourses which join into a main channel. The wetlands support numerous wildlife species and CT Page 2469 Mr. Pawlak explained how the high potential for the necessity of felling many trees over time in the vicinity of the boardwalk for safety purposes will affect the wetlands.
In making its findings and reaching its decision, the Commission could have relied on the facts and opinions offered by this expert. The Commission was entitled to accept the opinion of one expert over another. "[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Internal quotation marks omitted.) Feinson v. Conservation Commission,180 Conn. 421, 425, 429 A.2d 910 (1980). Furthermore, the Commission members visited the site and were also familiar with the area from previous applications of the plaintiffs concerning the same property and the same wetland. The record "includes the knowledge of the board members gained through personal observation of the site . . . or through their personal knowledge of the area involved." (Internal quotation marks omitted) (Citations omitted.) Cumberland Farms, Inc. v. Zoning Board ofAppeals, supra, 74 Conn. App. 622. In Feinson v. Conservation Commission,supra, 180 Conn. 421, cited by the plaintiffs, the Board was not permitted to ignore the opinion of the only expert who testified, and rely on its own knowledge and experience. The issue in that case involved a question of the effect of depositing 300 cubic feet of fill on part of the plaintiff's property in order to provide a subsurface sewage disposal system. The court decided that, on a subject as technically sophisticated as water pollution control, commissioners who have not been shown to possess expertise in that area may not rely on their own knowledge, without more, in deciding to deny a license to conduct a regulated activity. Id., 427. In the present case, the Commissioners, whose area of focus is on the inland/wetlands, and whose very function and charge is to regulate activities for their protection, may employ their knowledge and experience, gained as members of the Commission or otherwise, and are not in this case bound by the opinion of any particular expert. Moreover, Mr. Pawlak's explanation of the various factors involved in the installation of the boardwalk, and their long-term effect on the environment, provided more than an adequate basis on which the Commission could rely for its decision.
The evidence before the Commission also included the fact of an existing mulched field trail, previously approved, which extends from the plaintiffs' backyard to the upland area at the rear of their property, traversed the wetland. The Commission gave as a reason for its denial of the plaintiffs' application that the field trail provided a feasible and prudent alternative to the proposed wooden boardwalk. The court finds that there is substantial evidence in the record that the existing trail gives the plaintiffs a safe, dry and convenient route through the wetland. The CT Page 2470 court knows of no principle or case law that does not permit an existing
alternative to be considered feasible and prudent and the plaintiffs have cited none.
The plaintiffs also argue that their appeal should be sustained because members of the Commission were biased against the plaintiffs and had a predisposition to deny the application. The court has examined the record carefully and cannot find that the plaintiffs have carried their burden of proof with respect to this claim. Finally, the plaintiffs seek a reversal of the Commission's decision because they claim to be entitled to the use of their wetland, as of right, pursuant to the Wetlands Regulations of the Town of Westport, as a permitted incidental use for the enjoyment and maintenance of a residential property, under § 4.1(c) of those regulations. However, as the plaintiffs concede, § 4.1(c) applies only to properties which are two acres or smaller in size. The plaintiffs argue only that this limitation makes no public policy sense, apparently attacking the validity of the regulation, but without providing sufficient briefing of the topic. Brunswick v.Inland/Wetlands Commission, 29 Conn. App. 634, 638, 617 A.2d 466 (1992). The court is not persuaded that there is no rational basis for the two-acre limitation contained in the regulation. Furthermore, the plaintiffs are not permitted in the same proceeding, to attack the validity of a regulation pursuant to which they had filed their application for approval. Such challenges are properly the subject for independent declaratory proceedings. Cristofaro v. Burlington Planningand Zoning Commission, 11 Conn. App. 260, 262-264, 527 A.2d 255 (1987);Echo Four v. Hill, 3 Conn. App. 118, 485 A.2d 926 (1985); Bierman v.Planning and Zoning Commission, 185 Conn. 135, 139, 440 A.2d 882 (1981).
Therefore, because there is substantial evidence in the record to support the Commission's decision that the granting of the plaintiffs' application would have a significant adverse impact on the wetland, and because there is substantial evidence of a feasible and prudent alternative already existing, the plaintiffs' appeal is dismissed.
So Ordered.
D'ANDREA, J.T.R. CT Page 2471